Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Natalie Nardecchia, SBN 246486
natalie.nardecchia@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KVP, LP dba Bouchon Restaurant; KRM, Inc, dba Thomas Keller Restaurant Group; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex (female) and (male), and to provide appropriate relief to Charging Party Carol Zavala and other aggrieved individuals who were adversely affected by such practices. As set forth in detail in this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants KVP, LP dba Bouchon Restaurant and KRM, Inc, dba Thomas Keller Restaurant Group ("Defendants") violated Title VII by subjecting Charging Party and similarly aggrieved individuals to sex discrimination, including sexual harassment and a hostile work environment based on sex (female) and (male), and by retaliating against them for opposing unlawful employment practices and engaging in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant KVP, LP dba Bouchon Restaurant

("KVP") was and is a Nevada limited partnership continuously doing business in the State of Nevada and the County of Clark, and has continuously had at least 15 employees.

5. At all relevant times, Defendant KVP has continuously been an employer engaging in an industry affecting commerce under Sections 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

6. At all relevant times, Defendant KRM, Inc, dba Thomas Keller Restaurant Group ("KRM") was and is a Nevada limited partnership continuously doing business in the State of Nevada and the County of Clark, and has continuously had at least 15 employees.

7. At all relevant times, Defendant KRM has continuously been an employer engaging in an industry affecting commerce under Sections 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

8. Defendants own and operate various high-end restaurants and bakeries throughout the country, including Bouchon Restaurant, located in Las Vegas, Nevada.

9. At all relevant times, KRM has been a joint employer with KVP where both Defendants controlled the terms and conditions of employment of the Charging Party and aggrieved individuals/Claimants.

10. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to

mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

11. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## ADMINISTRATIVE PROCEDURES

12. More than thirty days prior to the institution of this lawsuit, Charging Party Carol Zavala filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants.

13. Defendants received a copy of the charge(s) of discrimination, and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

14. On or about August 31, 2022, the Commission issued to Defendant KVP a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15. On or about September 6, 2022, the Commission issued to Defendants KVP and KRM and Amended Letter of Determination finding reasonable cause to believe that Defendants violated Title VII. The Commission invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

16. The Commission engaged in conciliation communications with

Defendants. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

17. On or about April 19, 2023, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

18. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

19. Charging Party began working for Defendants at Bouchon Restaurant in 2018 as a hostess. She worked for Defendants until April 2019, when she was forced to quit.

20. Since at least 2018 through the present, Defendant has engaged in unlawful employment practices, including a pattern or practice of such unlawful employment practices, in violation of §§ 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a), (b), and 2000e-3 by subjecting Charging Party and similarly aggrieved employees to ongoing unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female) and (male). For example:

    a. During her employment, Charging Party was subjected to ongoing inappropriate, unwelcome, and offensive conduct of a sexual nature by Defendants' male supervisor, which included but is not limited to, brushing his body against Charging Party and other female hostesses, touching Charging Party's stomach and laughing at her, expressing disdain toward and complaining about other female employees' complaints of sexual harassment against him, grabbing Charging Party's hand and mocking her when she complained, intentionally tripping Charging Party

after she refused his advances, grabbing and yanking her arm (leaving visible bruises and marks), and yelling at Charging Party.

b. The same male supervisor frequently engaged in offensive sexual conduct and made inappropriate sexual comments to other aggrieved employees as well, including but not limited to the following: rubbing his genitals on a female employee's buttocks; announcing at an all-staff meeting how big a female employee's "tits" were and stating to all employees that that was why she was hired; touching female employees on their waists, buttocks, and other areas and spanking numerous female and male employees on the buttocks against their will; suggesting that employees have sex with him or perform sexual favors on him; and making constant sexually inappropriate comments to employees.

c. Other managers – two male and one female – also engaged in sexually harassing behavior including touching employees' bodies; commenting on their breasts, buttocks, and bodies; making repeated sexually offensive comments including discussing their own sexual activities and requesting oral sex.

d. Male employees in various positions frequently engaged in sexually harassing behavior as well, including: asking female employees to engage in sexual acts such as oral sex in various locations such as the walk-in freezer; commenting on female employees' bodies and appearances; making sexual innuendos, gestures (such as simulating oral sex), and "jokes"; throwing objects such as ice onto employees including at one employee's

cleavage; stalking and following employees and making sexual remarks; and hitting employees' buttocks.

21. Since at least 2018, Defendants knew or should have known of the sexually offensive and derogatory comments and the hostile work environment at Bouchon. Sexually charged and inappropriate actions and comments, including those by supervisors, were ubiquitous, open, frequent, and consistent in nature. Such behavior and comments were often within earshot or plain sight of Defendants' other managers and supervisors.

22. As early as 2018, Charging Party and other similarly aggrieved employees complained verbally and in writing to supervisors and management about the harassment and hostile work environment they endured.

23. Despite having actual and constructive notice of the harassment herein, Defendants failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile work environment.

24. Defendants did not properly handle the complaints made by Charging Party and similarly aggrieved employees.

25. As a result of Defendants' failures to take prompt and effective remedial measures, the sexual harassment has continued unabated for years. The harassment was unwelcome and sufficiently severe or pervasive to alter the terms and conditions of the Charging Party and others' employment and created a hostile work environment.

26. Defendants' unlawful practices also included subjecting Charging Party and similarly aggrieved individuals to retaliation for complaining about the harassment and engaging in protected activity. For example:

    a. Charging Party engaged in activity protected under federal law by complaining to verbally Defendants, calling security and the Las Vegas Police, filing a police report, and submitting written complaints to Defendants. After she complained, Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

        subjected Charging Party to further harassment including forcing Charging Party to interact with the harassing manager that had harmed her and leaving Charging Party no choice but to quit due to the hostile work environment.

    b. Other similarly aggrieved employees engaged in protected activity both before and after Charging Party by making complaints to Defendants both in writing and verbally. Despite having abundant notice, Defendants failed to investigate or take any corrective measures to end the harassment. Defendants also failed to take preventative measures to prevent harassment.

27. The effect of the practices complained of above has been to deprive Charging Party and other aggrieved employees of equal employment opportunities and otherwise adversely affect their working conditions because of their sex.

28. The unlawful employment practices complained of above were intentional.

29. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly situated employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices in violation of Sections 703(a) and 704(a) of Title VII.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a) and 704(a) of Title VII.

  C. Order Defendants to make the Charging Party and the Claimants whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

  D. Order Defendants to pay the Charging Party and the Claimants punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

  E. Grant such further relief as the Court deems necessary and proper in the public interest.

  F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  August 24, 2023    Respectfully Submitted,

        GWENDOLYN YOUNG REAMS,
        Acting General Counsel

        CHRISTOPHER LAGE,
        Deputy General Counsel

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        131 "M" Street, N.E.
        Washington, D.C. 20507

    By: _____
        ANNA Y. PARK,
        Regional Attorney
        Los Angeles District Office