Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Andrea Ringer, CA SBN 307315
andrea.ringer@eeoc.gov
Dayana R. Pelayo, CA SBN 308705
dayana.pelayo@eeoc.gov
Chanmealea Thou, CA SBN 326469
chanmealea.thou@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Oscar Peralta, NV SBN 13559
oscar.peralta@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 5560
Las Vegas, NV 89101
Telephone: (702) 553-4457

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KVP, LP dba Bouchon Restaurant; KRM, Inc, dba Thomas Keller Restaurant Group; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-01308-JCM-EJY<br><br>**STIPULATION TO EXTEND SCHEDULING ORDER DEADLINES**<br>**(First Request)** |

Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), Defendants KVP, LP dba Bouchon Restaurant ("Bouchon") and KRM, Inc. dba Thomas Keller Restaurant Group ("TKRG") (collectively, "the Parties"), hereby submit this joint stipulation to extend the deadlines in the scheduling order (ECF No. 25) by 120 days, as follows:

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Discovery Cut-Off: | June 20, 2025 | October 20, 2025 |
| Amending Pleadings and Adding Parties | March 21, 2025 | July 21, 2025 |
| Expert Disclosures | March 21, 2025 | July 21, 2025 |
| Rebuttal Expert Disclosures | May 20, 2025 | September 15, 2025 |
| Dispositive Motions: | July 21, 2025 | November 18, 2025 |
| Joint Pretrial Order: | August 20, 2025, 30 days after the resolution of dispositive motions or further Court order | December 18, 2025, 30 days after the resolution of dispositive motions, or further Court order. |

This is the first request for an extension of time regarding the above referenced deadlines. This Stipulation is based upon the following:

Good cause exists to extend the discovery and scheduling order deadlines as the Parties have been exercising reasonable diligence in pursuing their discovery obligations, and recently agreed to explore whether settlement is possible through mediation. The Parties anticipate selecting a mediator this week and are projecting for a mediation date in June 2025, subject to the Parties' availability. Since the projected date for mediation is past the first upcoming deadline of March 21, 2025, the Parties require additional time to preserve their ability to retain experts and maintain consistency with the other case management deadlines while the Parties focus on preparing for mediation. In the event, the Parties are not successful at mediation, the Parties will require additional time to complete remaining discovery.

EEOC alleges that Defendants have subjected a class of individuals to harassment, and to prove its case seeks discovery to establish that Defendants subjected a class of individuals to

severe and pervasive harassment, that Defendants knew or should have known about the harassment and failed to take reasonable steps to prevent or correct it, and that the class was damaged as a result.  The Parties have been working diligently in pursuing discovery obligations and attempting to resolve disputes without Court intervention.  Immediately after the Rule 26f conference in January 2024, the Parties both issued its first set of requests for production and prepared for an Early Neutral Evaluation ("ENE") session in March 2024.  After the ENE session, where the Parties did not reach agreement, the Parties served and responded to two sets of discovery, supplemented their disclosures and production several times, engaged in extensive meet and confer efforts regarding the Parties responses and any perceived deficiencies including electronically-stored information ("ESI") sources and productions from May 2024 through October 2024, prior to EEOC filing its motion to compel, and the Parties have taken three (3) depositions while coordinating the scheduling another six (6) depositions.

On November 19, 2024, EEOC filed a motion to compel discovery responses and production of key documents, which was fully briefed as of December 20, 2024, and is pending before this Court (ECF No. 33).  EEOC's pending motion affects the timing of depositions: the documents the EEOC is seeking are relevant to anticipated depositions.

Furthermore, EEOC identified and disclosed additional claimants in November 2024 and the Parties require additional time to take and respond to discovery as to the new claimants.

Despite exercising diligence, the Parties also require additional time to engage experts as they lack necessary documents and testimony to provide to retained experts in order for them to prepare reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).  Therefore, the Parties have agreed to extend all discovery deadlines to maintain consistency in the management of all deadlines and respectfully request the Court's approval.

(a) **Discovery Completed to Date**

On October 24, 2023, the EEOC sent Defendants a detailed letter regarding Preservation of Information and Electronically Stored Information ("ESI").

On January 12, 2024, the EEOC sent Defendants a detailed letter regarding the Rule 26(f) conference, including EEOC's Form of Production requirements.

1    On January 16, 2024, the Parties held a joint Rule 26(f) conference. Pursuant to Fed. R.
2  Civ. P. 26, the parties could not serve written discovery prior to the Rule 26(f) conference.
3    On January 18, 2024, EEOC served its first set of requests for production on Defendants,
4  which included information regarding Defendants' policies and procedures regarding
5  discrimination, harassment, and retaliation, complaints of discrimination, harassment, and
6  retaliation, documents relating to aggrieved individuals and alleged harassers.
7    On January 30, 2024, the Parties filed a Stipulated Discovery Plan (ECF No. 24) and on
8  the same day, the Court issued the scheduling order for this action and set the discovery cut-off
9  for June 20, 2025 (ECF No. 25).
10    On February 15, 2024, EEOC served its initial disclosures.
11    On February 20, 2024, Defendants served their initial disclosures and responses to
12  EEOC's first set of requests for production.
13    On March 7, 2024, Defendants served their First Supplemental Disclosures.
14    On March 12, 2024, EEOC served its First Supplemental Disclosures and Defendants
15  served their Second Supplemental Disclosures. The Parties also attended an Early Neutral
16  Evaluation ("ENE") session on this date but did not reach an agreement. After the ENE session,
17  Defendants sent a letter to EEOC requesting to take depositions of Charging Party and claimants.
18    On April 30, 2024, EEOC sent a meet and confer letter to Defendants regarding their
19  deficient responses.
20    On May 16, 2024, the Parties met and conferred to discuss EEOC's first requests for
21  production, and Defendants served their Third Supplemental Disclosures.
22    On May 24, 2024, EEOC sent Defendants correspondence memorializing items discussed
23  at the May 16, 2024 meeting.
24    On May 31, 2024, Defendants served their Fourth Supplemental Disclosures.
25    On June 16, 2024, Defendants served supplemental responses to EEOC's first set of
26  requests for production and served its first set of requests for production to EEOC.
27    On July 1, 2024, Defendants served their Fifth Supplemental Disclosures.
28

1  On July 24, 2024, EEOC served its responses to Defendants' first set of requests for production.

2  On August 26, 2024, Defendant Bouchon served its first set of requests for admissions to EEOC.

3  On August 29, 2024, EEOC served its first set of requests for admissions on each Defendant, its first set of interrogatories to Defendants, and second set of requests for production to Defendants.

4  On September 10, 2024, Defendants served their Sixth Supplemental Disclosures.

5  On September 12, 2024, Defendants served their second supplemental responses to EEOC's first set of requests for production.

6  On September 25, 2024, EEOC served its responses to Defendant Bouchon's first set of requests for admissions.

7  On October 4, 2024, Defendants served their Seventh Supplemental Disclosures.

8  On October 9, 2024, Defendants served responses to EEOC's first set of requests for admissions and their second set of requests for documents on the EEOC. On the same day, Defendant Bouchon served its first set of interrogatories on the EEOC.

9  On October 15, 2024, Defendants served their responses to EEOC's second set of requests for production and served their Eighth Supplemental Disclosures.

10  From May 16, 2024 through October 22, 2024, EEOC engaged in multiple meet and confer efforts with Defendants regarding their responses to EEOC's first set of requests for production during which the Parties also attempted to coordinate and schedule depositions. By October 16, 2024, the Parties reached agreement as to four (4) depositions and continued to ascertain the availability of an additional three (3) witnesses.

11  On October 28, 2024, Defendants provided responses to EEOC's first set of interrogatories.

12  On November 6, 2024, EEOC informed Defendants that the deposition scheduled for November 13, 2024 would not be able to go forward and requested it be rescheduled.

13  On November 8, 2024, EEOC served its responses to Defendants' second set of requests

for production and its Second Supplemental Disclosures which identified an additional set of claimants.

On November 12, 2024, EEOC served its responses to Defendant Bouchon's first set of interrogatories.

On November 14, 2024, Defendants took the deposition of an EEOC claimant.

On November 18, 2024, Defendants took the deposition of an EEOC claimant.

On November 19, 2024, EEOC filed a Motion to Compel with this Court pertaining to disputes regarding Defendants' responses to EEOC's first set of requests for production, ESI sources and search methodology, and production of key documents, including, but not limited to, those relating to complaints, HR policies and investigations, and claimants.

On November 20, 2024, EEOC took the deposition of Defendants' witness, a current employee.

The Parties agreed to stipulate to two (2) extensions of time for Defendants to file their opposition to EEOC's motion to compel, which were granted by the Court, first to December 10, 2024 (ECF No. 35) and second to December 13, 2024 (ECF No. 37).

On December 13, 2024, Defendants filed an Opposition to EEOC's Motion to Compel and Defendants served their Ninth Supplemental Disclosures.

On December 20, 2024, EEOC filed a Reply in Support of Its Motion to Compel. EEOC is awaiting a ruling of the pending Motion to Compel regarding outstanding documents and production of ESI that are vital for deposition preparation.

**(b)** **Discovery Remaining to Be Completed**

Pursuant to the discovery plan, the Parties may take up to 15 depositions. Defendants indicated they intend to depose all EEOC's claimants, which includes at minimum another 13 depositions, including at least five (5) which were recently identified in November 2024. EEOC is waiting on Defendants for availability of at least three (3) key witnesses and anticipates additional depositions including Defendants' 30(b)(6) corporate designee, once crucial document production is complete before or through resolution to the pending motion to compel discovery (ECF No. 33). Furthermore, given the Parties recent agreement to explore settlement through

mediation, the Parties anticipate taking at least six (6) depositions before mediation. Should the Parties not reach agreement at mediation, the Parties will require additional time to agree on and schedule the approximate 21 remaining depositions permitted.

**(c)** **Reasons Discovery Cannot Be Completed within Existing Deadlines**

As described above, the Parties have been diligent in its overall conduct during the discovery period. EEOC has been diligent and persistent in attempting to resolve its discovery dispute with Defendants regarding its first set of requests for production without Court intervention. While the Parties were in the middle of first round of depositions, the holiday schedule severely interrupted the Parties ability to schedule further depositions in November and December 2024. Additionally, prior to the scheduled depositions in November 2024, EEOC disclosed an additional set of claimants. The Parties require additional time take and respond to discovery. EEOC is also waiting crucial document production from Defendants that is the subject of the pending motion to compel. EEOC requires this information and ample time to review to properly evaluated its need for expert witnesses. Even if EEOC were to retain an expert at this time, the expert would still be unable to rely on key relevant information to prepare their report. Furthermore, the Parties recently agreed to explore settlement and require additional time to prepare for mediation. As the proposed mediation date is well past the first upcoming deadline in the scheduling order and the Parties wish to maintain consistency in case management deadlines, the Parties request additional time to conduct discovery should mediation be unsuccessful.

**(d)** **Proposed Dates for Discovery Deadlines**

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Discovery Cut-Off: | June 20, 2025 | October 20, 2025 |
| Amending Pleadings and Adding Parties | March 21, 2025 | July 21, 2025 |
| Expert Disclosures | March 21, 2025 | July 21, 2025 |
| Rebuttal Expert Disclosures | May 20, 2025 | September 15, 2025. |
| Dispositive Motions: | July 21, 2025 | November 18, 2025 |

| Joint Pretrial Order: | August 20, 2025, 30 days after the resolution of dispositive motions or further Court order | December 18, 2025, 30 days after the resolution of dispositive motions, or further Court order. |
|---|---|---|

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

                                          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: February 27, 2025        */s/ Dayana R. Pelayo*
                                         Dayana R. Pelayo
                                         Attorney for Plaintiff U.S. EEOC

                                         GORDON, REES, SCULLY, MANSUKHANI

Dated: February 27, 2025        */s/ Dione C. Wrenn*
                                         Dione C. Wrenn
                                         Attorney for Defendants KVP, LP dba Bouchon Restaurant and KRM, Inc. dba Thomas Keller Restaurant Group

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 27, 2025