UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KVP, LP dba BOUCHON RESTAURANT, et al.,<br><br>Defendants. | Case No. 2:23-CV-01308-JCM-EJY<br><br>**ORDER** |

Before the Court is Plaintiff Equal Employment Opportunity Commission's ("Plaintiff" or the "EEOC") Motion to Compel Further Responses to its First Set of Requests for Production ("RFPs"). ECF No. 33. The Court has considered the Motion, Defendants' Opposition (ECF No. 38), and Plaintiff's Reply (ECF No. 39). The Court finds as follows.

**I.     Background**

The instant Motion arises in the context of a Title VII suit brought by the EEOC against Defendants on August 24, 2023. ECF No. 1. The parties conducted their initial Federal Rule of Civil Procedure 26(f) conference on January 16, 2024, ECF No. 24 at 2, and Plaintiff served its first set of RFPs two days later on January 18, 2024. ECF No. 33-2. As both parties represent, Defendants did not object to any of the requests made and have, in fact, agreed to broaden their search and supplement their responses to written discovery. ECF Nos. 33 at 4; 38 at 2. Nonetheless, Plaintiff asserts Defendants have not been fully responsive to several of its requests. The record indicates the parties have conducted several meet-and-confers regarding Defendants' alleged deficient responses during which Defendants have agreed to produce several supplemental responses to Plaintiff's initial RFPs. ECF Nos. 33-5, 33-8, 33-10. Plaintiff represents that Defendants have repeatedly missed the agreed upon deadlines for supplemental responses, and that supplemental responses eventually produced are still deficient. ECF No. 33 at 4-7. Plaintiff's Motion therefore does not allege refusal to meaningfully participate in discovery, but rather challenges the speed and

diligence, or lack thereof, with which Defendants have complied with its requests. ECF No. 39 at 3.

Plaintiff maintains that several items in its initial RFPs have yet to be addressed. ECF No. 33 at 3. In addition, Plaintiff alleges that Defendants have not produced certain electronically stored information ("ESI") in the form requested under Federal Rule of Civil Procedure ("FRCP") 34(b)(1)(C), despite not having objected to this requested form. *Id.* at 19-20. Plaintiff further alleges that requests made during meet-and-confers for details regarding the parameters of searches for responsive physical documents and ESI that Defendants have performed remain unanswered. *Id.* at 10, 12, 13. For these reasons, Plaintiff now seeks a Court order compelling Defendants to (1) confer regarding ESI and search terms,[1] (2) conduct an adequate search for responsive documents and specify the details and parameters of the search, and (3) produce all non-privileged, responsive documents pertaining to specific RFPs by a date certain. *Id.* at 20-21.

Defendants represent they are fully complying with Plaintiff's discovery requests and the outstanding documents are no more than a handful relative to the thousands of pages already produced, which they intend to produce but are still in the process of locating. ECF No. 38 at 2. Defendants state that the particularity of the documents and information requested by Plaintiff requires more time, and note that they engaged a third-party IT contractor to assist them with a more thorough search, which has increased the time involved in production. *Id.* at 4. Defendants maintain that all outstanding requests for documents which are actually in their possession will be produced before the Court addresses the instant Motion and, therefore, Court involvement is unnecessary. *Id.* at 2, 4-6. Though Defendants state they intend to fully comply with Plaintiff's RFPs, they assert that certain information requested by Plaintiff is not in their possession, such as information about their surveillance and IT systems and job descriptions. *Id.* at 5. Regarding Plaintiff's allegation that certain ESI has not been produced in the requested form, Defendants assert they have produced records in native format where possible, but that certain documents represent paper files that were

---

[1] Although in the body of the EEOC's Motion it requests Defendants "make their productions in substantial compliance with … EEOC's Instructions," ECF No. 33 at 20, the actual relief requested from the Court is as stated above: an order compelling Defendants to meaningfully confer regarding ESI. The Court takes the EEOC at its word and does not consider whether an order compelling production of ESI in a specific format should be issued.

scanned into PDFs, and they should not be required to prepare load files for items produced that were converted from physical documents. *Id.* at 6.

## II.  Discussion

As Plaintiff represents, there is no argument or objection that the documents requested in Plaintiff's first set of RFPs are irrelevant or non-discoverable. Indeed, Defendants do not raise any such objections in their opposition to the instant Motion. The Court therefore limits its discussion to whether a Court order is necessary to ensure Defendants' compliance with Plaintiff's initial RFPs.

### A.  Electronically Stored Information.

Plaintiff first requests the Court issue an order compelling Defendants to meaningfully confer regarding production of ESI. ECF No. 33 at 20. FRCP 34 states that a party may serve upon another a request for ESI, and that the request "may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. Pro. 34(b)(1)(C). Plaintiff represents that it specified in its first RFP that ESI be produced in a native and load file format compatible with Relativity. ECF No. 33 at 19-20. Plaintiff avers Defendants did not object to this form of production yet have included in their productions an unspecified number of non-searchable PDF files. *Id.* at 20. Defendants acknowledge that a portion of the documents produced are paper files that have been scanned and saved as PDFs, but assert that all other records have been provided in their native format and that Plaintiff is easily able to perform optical character recognition ("OCR") on the scanned files. ECF No. 38 at 6.

The Court notes that Plaintiff defined "ESI" within its initial RFP to mean "all electronically stored information, stored in any medium from which information can be obtained either directly, or if necessary, after translation by the responding party into a reasonably usable form." ECF No. 33-2 at 5. Because Defendants represent that the non-searchable PDFs they produced are in fact scans of paper documents, they do not represent ESI as defined by Plaintiff's initial RFP. However, as Plaintiff is seeking an order to compel a further meet-and-confer rather than an order compelling production, and because there remains confusion between the parties as to which documents are subject to Plaintiff's requested form of production for ESI, the Court grants Plaintiff's Motion with respect to this request and orders the parties to meaningfully confer regarding ESI sources.

3

Plaintiff also requests an order compelling Defendants to conduct "an adequate search" for responsive documents and to "specify the details and parameters" of this search. ECF No. 33 at 20. Throughout its Motion and exhibits, Plaintiff represents at various points that it requested details of the search terms used by Defendants in producing responsive documents, which Defendants have failed to provide. *See generally*, ECF No. 33-1 through 33-10. Defendants do not dispute Plaintiff's characterization and instead limit their response to asserting they are indeed conducting a diligent search and that all requested documents and information are forthcoming. *See generally*, ECF No. 38. At no point do Defendants specifically address Plaintiff's request for information on the search terms and parameters used. *Id.*

"It is well-established that, when search terms are used in ESI discovery, the parties should cooperate to select reasonable search terms and custodians." *Baranco v. Ford Motor* Co., Case No. 17-CV-03580-EMC, 2018 WL 9869540, at *1 (N.D. Cal. Apr. 10, 2018). *See also William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("Electronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI."). Plaintiff here is not seeking to compel Defendants to use any particular search parameters, but merely seeks to know the parameters of the searches already performed. The Court agrees that such information is necessary to facilitate future meet-and-confers and resolution of any remaining discovery issues. The Court therefore grants Plaintiff's Motion with respect to this issue and orders Defendants to produce the requested information on search terms and parameters prior to the parties' next meet-and-confer.

B.  Production of Outstanding Documents.

Finally, Plaintiff requests an order compelling all responsive documents related to several of their initial RFPs by a date certain. ECF No. 33 at 20-21. Defendants give individual responses to each request that need not be detailed at length, but which broadly aver that most outstanding documents will likely be produced before the Court resolves the instant Motion, save for certain categories such as documents relating to surveillance systems, job descriptions and certain personnel policies that Defendants assert, to the extent they are in its possession, have already been produced. ECF No. 38 at 4-6.

Before considering whether Plaintiff's requested relief is appropriate, the Court notes that although Plaintiff represents broadly that "Defendants have not made objections regarding the relevance of the items at issue or Defendants' obligation to both conduct a diligent search … and produce any responsive documents," ECF No. 33 at 8, latter portions of Plaintiff's brief indicate that this is not entirely true with regards to specific RFPs. Defendants objected to Plaintiff's RFP No. 12, which sought production of "all DOCUMENTS which mention or discuss" the aggrieved individuals, to which Defendants repeatedly objected as overly broad. *Id.* at 12-13. Defendants also responded to Plaintiff's RFP No. 17, requesting "documents sufficient to identify by name address, and phone number all PERSONS and/or entities who have had an ownership interest in DEFENDANT," *id.* at 18, by objecting to the production of personal identifying information. *Id.* However, Defendants' response to this RFP also indicated that they would produce responsive documents with such personal identifying information redacted, *id.*, and their brief in Opposition indicates the same. ECF No. 38 at 5.

Because Plaintiff's Motion does not ask the Court to resolve any issues of relevance or address Defendants' limited objections, the Court does not do so. Instead, the Court focuses its Order on the issue that Plaintiff asked the Court to address: the diligence with which Defendants have been complying with its requests. With respect to the RFPs to which Defendants have offered no objection, the Court grants Plaintiff's Motion and orders Defendants to produce the requested documents no later than April 18, 2025. Because Defendants themselves assert that all outstanding responsive documents will be produced prior to the Court's resolution of this Motion, the Court finds this deadline more than sufficient.

However, to the extent Plaintiff seeks to compel production of documents and information Defendants have stated that they do not have in their possession, Plaintiff's Motion is denied, as Defendants cannot be compelled to produce that which they do not have. *Jacobsen v. California*, Case No. 1:14-cv-00108-JLT, 2015 U.S. Dist. LEXIS 165815, at *15 (E.D. Cal. Dec. 9, 2015) ("Defendants cannot be compelled to produce that which they do not have in their possession, custody, or control."). Additionally, the Court denies Plaintiff's Motion with respect to the specific RFPs to which Defendants timely objected, including RFP Nos. 12 and 17. If, after a further meet-

and-confer, either party wishes to have the Court address the discoverability of these items, they must file a joint notice with the Court in compliance with the Order below.

### III. Order

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (ECF No. 33) is GRANTED to the extent that Defendants **must** produce all documents in their possession, custody or control responsive to Requests for Production of Documents to which no objection was made, no later than **April 18, 2025**. Defendants **must** simultaneously supplement its written responses to the Requests for Production and serve the same on Plaintiff by this date.

IT IS FURTHER ORDERED that Plaintiff's Motion is DENIED to the extent that it seeks to compel production of documents Defendants have previously objected to producing or have indicated are not in their possession.

IT IS FURTHER ORDERED that the parties **must** meet and confer regarding discovery of ESI no later than **March 27, 2025**. Defendants **must** disclose to Plaintiff the search terms and parameters of previously conducted ESI searches no later than **March 24, 2025**.

IT IS FURTHER ORDERED that should the parties disagree regarding compliance with this Order, they must file a joint status report no later than **April 25, 2025** in which they identify (1) the additional documents produced; (2) the documents remaining to be produced; (3) the reason compliance with the deadlines set by this Order was not met; and (4) the date by which Defendants expect to produce the remaining documents. If there is disagreement regarding any of the topics stated, the parties may submit individual positions in the same joint status report.

Dated this 5th day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE