Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Andrea Ringer, CA SBN 307315
andrea.ringer@eeoc.gov
Dayana R. Pelayo, CA SBN 308705
dayana.pelayo@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Oscar Peralta, NV SBN 13559
oscar.peralta@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 5560
Las Vegas, NV 89101
Telephone: (702) 553-4457

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KVP, LP dba Bouchon Restaurant; KRM, Inc, dba Thomas Keller Restaurant Group; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-01308-JCM-EJY<br><br>**STIPULATION TO EXTEND SCHEDULING ORDER DEADLINES (Second Request)** |

Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), Defendants KVP, LP dba Bouchon Restaurant ("Bouchon") and KRM, Inc. dba Thomas Keller Restaurant Group ("TKRG") (collectively, "the Parties"), hereby submit this joint stipulation to extend the deadlines in the scheduling order (ECF No. 25) by 60 days, as follows:

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Discovery Cut-Off: | October 20, 2025 | December 19, 2025 |
| Amending Pleadings and Adding Parties | July 21, 2025 | September 19, 2025 |
| Expert Disclosures | July 21, 2025 | September 19, 2025 |
| Rebuttal Expert Disclosures | September 15, 2025 | November 14, 2025 |
| Dispositive Motions: | November 18, 2025 | January 20, 2026 |
| Joint Pretrial Order: | December 18, 2025, 30 days after the resolution of dispositive motions, or further Court order. | February 17, 2026, 30 days after the resolution of dispositive motions or further Court order |

This is the second request for an extension of time regarding the above referenced deadlines. This Stipulation is based upon the following:

Good cause exists to extend the discovery and scheduling order deadlines as the Parties have been exercising reasonable diligence in pursuing their discovery obligations and preparing for mediation but have encountered delays since their initial request (ECF No. 40). The Parties anticipated a June 2025 mediation when the first request was filed on February 27, 2025. While the Parties reached agreement as to a mediator (Judge Leen) on March 3, 2025, the Parties were unable to agree on a date for mediation until April 28, 2025. The Parties are now set to attend mediation on August 20, 2025 rather than in June 2025, two months later than was anticipated. As such, the Parties' mediation date is now set to occur past the next upcoming deadline of July 21, 2025 in the scheduling order. Therefore, the Parties require additional time to preserve their ability to retain experts and maintain consistency with the other case management deadlines

while the Parties prepare for mediation. In the event the Parties are not successful at mediation, the Parties will require additional time to complete remaining discovery.

Here, EEOC alleges that Defendants have subjected a class of individuals to harassment, and to prove its case seeks discovery to establish that Defendants subjected a class of individuals to severe and pervasive harassment, that Defendants knew or should have known about the harassment and failed to take reasonable steps to prevent or correct it, and that the class was damaged as a result. The Parties have been working diligently in pursuing discovery obligations and attempting to resolve disputes without Court intervention. Immediately after the Rule 26f conference in January 2024, the Parties both issued its first set of requests for production and prepared for an Early Neutral Evaluation ("ENE") session in March 2024. After the ENE session, where the Parties did not reach agreement, the Parties served and responded to two sets of discovery, supplemented their disclosures and production several times, engaged in extensive meet and confer efforts regarding the Parties responses and any perceived deficiencies including electronically-stored information ("ESI") sources and productions from May 2024 through October 2024, prior to EEOC filing its motion to compel, and the Parties have taken three (3) depositions while coordinating scheduling of another six (6) depositions.

On November 19, 2024, EEOC filed a motion to compel discovery responses and production of key documents, which was fully briefed as of December 20, 2024. On March 7, 2025, the Court issued its Order (ECF No. 42), granting a number of EEOC's requests. The Court's Order set specific deadlines for Defendants' compliance (*i.e.*, (1) Defendants must exchange ESI search terms and parameters by March 24, 2025; (2) ESI conferral must occur by March 27, 2025; and (3) Defendants must produce documents and simultaneously supplement written responses by April 18, 2025). The Court also included an April 25, 2025 deadline for the Parties to submit a Joint Status Report to the extent the Parties did not agree with Defendants' compliance with the Order.

On April 25, 2025, the Parties filed a Joint Status Report (ECF No. 43) including the Parties' individual positions as to Defendants' compliance and requested a Status Conference to discuss the outstanding issues. To date, EEOC remains in essentially the same position as it was

when the Parties filed its first request for extension of deadlines (ECF No. 40) regarding EEOC's receipt of documents needed for EEOC's pending depositions.[1]

Furthermore, Defendants recently agreed to provide an updated employee list and EEOC anticipates it may identify and disclose additional claimants shortly thereafter. Thus, the Parties anticipate they will require additional time to take and respond to discovery as to any other new claimants identified before mediation and to continue to take and respond to discovery as to its November 2024 identified claimants much of which will come due in early June 2025.

Despite exercising diligence, the Parties also require additional time to engage experts as they continue to lack necessary documents and testimony to provide to retained experts in order for them to prepare reports pursuant to Fed. R. Civ. P. 26(a)(2)(B). Therefore, the Parties have agreed to extend all discovery deadlines to maintain consistency in the management of all deadlines and respectfully request the Court's approval.

(a) **Discovery Completed to Date**

On October 24, 2023, EEOC sent Defendants a detailed letter regarding Preservation of Information and Electronically Stored Information ("ESI").

On January 12, 2024, EEOC sent Defendants a detailed letter regarding the Rule 26(f) conference, including EEOC's Form of Production requirements.

On January 16, 2024, the Parties held a joint Rule 26(f) conference. Pursuant to Fed. R. Civ. P. 26, the parties could not serve written discovery prior to the Rule 26(f) conference.

On January 18, 2024, EEOC served its first set of requests for production on Defendants, which included information regarding Defendants' policies and procedures regarding discrimination, harassment, and retaliation, complaints of discrimination, harassment, and retaliation, documents relating to aggrieved individuals and alleged harassers.

On January 30, 2024, the Parties filed a Stipulated Discovery Plan (ECF No. 24) and on the same day, the Court issued the scheduling order for this action and set the discovery cut-off for June 20, 2025 (ECF No. 25).

---

[1] EEOC acknowledges Defendants' production of one personnel file on April 25, 2025. However, said former employee was not one of Defendants' witnesses initially identified for deposition.

-4-

On February 15, 2024, EEOC served its initial disclosures.

On February 20, 2024, Defendants served their initial disclosures and responses to EEOC's first set of requests for production.

On March 7, 2024, Defendants served their First Supplemental Disclosures.

On March 12, 2024, EEOC served its First Supplemental Disclosures and Defendants served their Second Supplemental Disclosures. The Parties also attended an Early Neutral Evaluation ("ENE") session on this date but did not reach an agreement. After the ENE session, Defendants sent a letter to EEOC requesting to take depositions of Charging Party and claimants.

On April 30, 2024, EEOC sent a meet and confer letter to Defendants regarding their deficient responses.

On May 16, 2024, the Parties met and conferred to discuss EEOC's first requests for production, and Defendants served their Third Supplemental Disclosures.

On May 24, 2024, EEOC sent Defendants correspondence memorializing items discussed at the May 16, 2024 meeting.

On May 31, 2024, Defendants served their Fourth Supplemental Disclosures.

On June 16, 2024, Defendants served supplemental responses to EEOC's first set of requests for production and served its first set of requests for production to EEOC.

On July 1, 2024, Defendants served their Fifth Supplemental Disclosures.

On July 24, 2024, EEOC served its responses to Defendants' first set of requests for production.

On August 26, 2024, Defendant Bouchon served its first set of requests for admissions to EEOC.

On August 29, 2024, EEOC served its first set of requests for admissions on each Defendant, its first set of interrogatories to Defendants, and second set of requests for production to Defendants.

On September 10, 2024, Defendants served their Sixth Supplemental Disclosures.

On September 12, 2024, Defendants served their second supplemental responses to EEOC's first set of requests for production.

On September 25, 2024, EEOC served its responses to Defendant Bouchon's first set of requests for admissions.

On October 4, 2024, Defendants served their Seventh Supplemental Disclosures.

On October 9, 2024, Defendants served responses to EEOC's first set of requests for admissions and their second set of requests for documents on the EEOC. On the same day, Defendant Bouchon served its first set of interrogatories on the EEOC.

On October 15, 2024, Defendants served their responses to EEOC's second set of requests for production and served their Eighth Supplemental Disclosures.

From May 16, 2024 through October 22, 2024, EEOC engaged in multiple meet and confer efforts with Defendants regarding their responses to EEOC's first set of requests for production during which the Parties also attempted to coordinate and schedule depositions. By October 16, 2024, the Parties reached agreement as to four (4) depositions and continued to ascertain the availability of an additional three (3) witnesses.

On October 28, 2024, Defendants provided responses to EEOC's first set of interrogatories.

On November 6, 2024, EEOC informed Defendants that the deposition scheduled for November 13, 2024 would not be able to go forward and requested it be rescheduled.

On November 8, 2024, EEOC served its responses to Defendants' second set of requests for production and its Second Supplemental Disclosures which identified an additional set of claimants.

On November 12, 2024, EEOC served its responses to Defendant Bouchon's first set of interrogatories.

On November 14, 2024, Defendants took the deposition of an EEOC claimant.

On November 18, 2024, Defendants took the deposition of an EEOC claimant.

On November 19, 2024, EEOC filed a Motion to Compel with this Court pertaining to disputes regarding Defendants' responses to EEOC's first set of requests for production, ESI sources and search methodology, and production of key documents, including, but not limited to, those relating to complaints, HR policies and investigations, and claimants.

On November 20, 2024, EEOC took the deposition of Defendants' witness, a current employee.

The Parties agreed to stipulate to two (2) extensions of time for Defendants to file their opposition to EEOC's motion to compel, which were granted by the Court, first to December 10, 2024 (ECF No. 35) and second to December 13, 2024 (ECF No. 37).

On December 13, 2024, Defendants filed an Opposition to EEOC's Motion to Compel and Defendants served their Ninth Supplemental Disclosures.

On December 20, 2024, EEOC filed a Reply in Support of Its Motion to Compel. EEOC subsequently awaited a ruling on the Motion to Compel regarding outstanding documents and production of ESI which were vital for deposition preparation.

On February 27, 2025, the Parties requested their first extension of discovery and scheduling order deadlines, which was granted by the Court on the same date.

On March 7, 2025, the Court issued its Order (ECF No. 42) regarding EEOC's Motion to Compel as to EEOC's first set of requests for production of documents and set specific deadlines for Defendants' compliance as to ESI conferral, supplemental production of documents, and supplemental written responses.

On March 13, 2025, EEOC requested Defendants' availability to meet and confer by the Court ordered deadline of March 27, 2025.

On March 18, 2025, EEOC requested May deposition availability from Defendants as to three (3) of its witnesses.

On March 19, 2025, EEOC sent follow up correspondence requesting Defendants' availability to meet and confer by the Court ordered deadline of March 27, 2025.

On March 21, 2025, Defendants confirmed March 27, 2025 as the conferral date.

On March 25, 2025, EEOC informed Defendants of their failure to provide ESI search terms by the Court's March 24, 2025 deadline.

On March 26, 2025, EEOC contacted Defendants regarding the outstanding ESI search terms and its impact on the Parties' ability to confer as to ESI by the Court's next deadline.

1      On March 27, 2025, Defendants provided ESI search terms to EEOC, and the Parties held
2  a partial conferral, as Defendants' IT vendor was unable to attend the scheduled meeting.
3      On April 1, 2025, the Parties conferred regarding ESI with ESI personnel present for each
4  side. The Parties discussed that agreement on search term parameters, including exchanging hit
5  count reports, would be needed prior to ESI collection and production. Defendants agreed to
6  circulate their proposed custodian list and search terms by April 4, 2025.
7      On April 3, 2025, EEOC served notices to take depositions of three (3) of Defendants'
8  witnesses on May 6, May 7, and May 15. That same day, EEOC also served its Rule 34
9  Inspection Request to Defendant Bouchon set for May 8, 2025.
10     On April 8, 2025, Defendants provided their proposed list of custodians and updated
11  search terms.
12     On April 9, 2025, the Parties conferred regarding ESI and agreed that the EEOC would
13  provide proposed search terms for Defendants' consideration and feedback.
14     On April 14, 2025, EEOC sent a meet and confer letter to Defendants regarding deficient
15  responses to EEOC's first set of requests for admissions, first set of interrogatories, and second
16  set of requests for production of documents.
17     On April 16, 2025, EEOC provided Defendants with proposed search terms and an
18  updated custodians list.
19     On April 21, 2025, EEOC contacted Defendants regarding their failure to comply with
20  the April 18, 2025 deadline set by the Court to produce documents and supplemental written
21  responses, and the need to file a Joint Status Report by April 25, 2025.
22     On April 22, 2025, Defendants communicated to the EEOC they had requested an update
23  on the hit counts from their IT provider.
24     On April 25, 2025, the Parties filed a Joint Status Report as to Defendants'
25  noncompliance with the Court's Order (ECF No. 43) and requested that the Court set a Status
26  Conference with proposed dates of May 6, 2025 or the week of May 19, 2025.  That same day,
27  Defendants served their Tenth Supplemental Disclosures and produced one out of two pending
28

1  personnel files responsive to EEOC's first set of requests for production of documents. EEOC
2  served its third set of requests for production of documents to Defendants on this date.

3　　　　　On April 29, 2025, EEOC informed Defendants of their failure to respond to EEOC's
4  April 14, 2024 meet and letter requesting a pre-filing conference, failure to supplement their
5  responses by April 28, as requested, and EEOC's intention to file a motion to compel as to
6  EEOC's first set of requests for admissions, first set of interrogatories, and second set of requests
7  for production of documents, if no further timely response was received. On this date, EEOC
8  also requested that Defendants confirm whether their witnesses would appear at the noticed
9  depositions for May 6, May 7, and May 15, as two were due to occur the following week.

10　　　　　On April 30, 2025, Defendants informed EEOC that the May 6 and May 7 dates were not
11  viable. The Parties subsequently discussed and exchanged emails regarding scheduling of all
12  depositions and obtaining renewed availability for June and early July.

13　　　　　From May 1, 2025 through the present, the Parties have engaged in several conferrals and
14  communications regarding ESI, and outstanding issues relating to EEOC's first set of request for
15  admissions, first set of interrogatories and second set of requests for production of documents.

16　　　　　On May 2, 2025, Defendants served their third set of requests for production of
17  documents to EEOC.

18　　　　　On May 12, 2025, Defendants provided its first set of ESI hit count reports.

19　　　　　On May 20, 2025, the Parties agreed to renewed deposition dates for two of Defendants'
20  witnesses, identified potential dates for a third witness and EEOC's Rule 34 Inspection Request,
21  all of which are projected to occur within the weeks of June 9 and June 16, 2025.

22　　　　**(b)**　　**Discovery Remaining to Be Completed**

23　　　　　The Parties continue to focus on pre-mediation discovery in order to hold a productive
24  mediation session on August 20, 2025.  Shortly after granting the Parties' first request to extend
25  deadlines (ECF No. 41), the Court issued its Order (ECF No. 42) on EEOC's motion to compel
26  and set deadlines for Defendants' compliance. The Court's deadlines provided EEOC with
27  sufficient time to receive and review documents it needed for its anticipated pre-mediation
28  depositions, and time for Parties to gathering information from the newly identified claimants

and witnesses. However, EEOC's noticed depositions for May 2025 had to be moved due to Defendants' unavailability on the noticed dates, delays in complying with the Court's deadlines, and limited document production to date. The Parties continue to diligently work on conducting pre-mediation discovery, have agreed on June dates for the first set of depositions and intend to secure dates for claimant depositions to occur in mid-June 2025 and early July 2025.

Furthermore, the Parties anticipate that more discovery will need to be conducted should mediation be unsuccessful. Pursuant to the discovery plan, the Parties may take up to 15 depositions. Defendants have indicated in the past that they intend to depose all EEOC's claimants, which includes at minimum another 10 depositions. EEOC is still waiting on Defendants for confirmed availability of at least one (1) key witnesses to occur pre-mediation and anticipates taking its remaining 11 depositions including Defendants' 30(b)(6) corporate designee, once crucial and substantial document production commences by Defendants. Should the Parties not reach agreement at mediation, the Parties will require additional time to agree on and schedule the approximate 21 remaining depositions permitted.

**(c)     Reasons Discovery Cannot Be Completed within Existing Deadlines**

As described above, the Parties have been diligent in their overall conduct during the discovery period, including exploring settlement through mediation and focusing on conducting pre-mediation discovery to negate the need for trial and an unnecessary expenditure of resources. EEOC has been diligent and persistent in attempting to resolve its discovery disputes with Defendants including recent noncompliance with the deadlines in the Court's Order (ECF No. 42) as to EEOC's Motion to Compel regarding its first set of requests for production. EEOC further has been diligent in attempting to resolve its discovery disputes with Defendants as to its first set of requests for admissions, first set of interrogatories and second set of requests for documents, without Court intervention. The Parties have conferred several times on these outstanding issues and continue to work to identify a timeline for supplemental responses and productions to facilitate a productive mediation. While the Parties continue to make progress on pre-mediation discovery, the delays to date, including an August 20, 2025 mediation necessitate modification to the scheduling order to ensure orderly case management. The next upcoming

deadline of July 21, 2025 will hinder the Parties' ability to focus on pre-mediation discovery and prejudices the Parties' ability to evaluate their needs for expert witness.

At present, even if EEOC were to retain an expert, the expert would be unable to rely on key relevant information to prepare their report given the state of outstanding documents and the timing of the scheduled depositions. Defendants' crucial document production remains pending despite the Court's Order requiring compliance by April 18, 2025. The Parties continue to negotiate and confer regarding ESI search terms, parameters, and collection but are behind schedule. EEOC requires this information and ample time to review to properly evaluate its need for expert witnesses.

Furthermore, the Parties' agreement to explore settlement has shifted the Parties' focus to pre-mediation discovery and mediation preparations. As the proposed mediation date, August 20, 2025, is past the first upcoming deadline in the scheduling order and the Parties wish to maintain consistency in case management deadlines, the Parties request additional time to conduct discovery should mediation be unsuccessful.

**(d)     Proposed Dates for Discovery Deadlines**

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Discovery Cut-Off: | October 20, 2025 | December 19, 2025 |
| Amending Pleadings and Adding Parties | July 21, 2025 | September 19, 2025 |
| Expert Disclosures | July 21, 2025 | September 19, 2025 |
| Rebuttal Expert Disclosures | September 15, 2025 | November 14, 2025 |
| Dispositive Motions: | November 18, 2025 | January 20, 2026 |
| Joint Pretrial Order: | December 18, 2025, 30 days after the resolution of dispositive motions, or further Court order. | February 17, 2026, 30 days after the resolution of dispositive motions or further Court order |

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

                        U.S. EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION

Dated: May 22, 2025         */s/ Dayana R. Pelayo*
                        Dayana R. Pelayo
                        Attorney for Plaintiff U.S. EEOC


                        GORDON, REES, SCULLY, MANSUKHANI

Dated: May 22, 2025         */s/ Dione C. Wrenn*
                        Dione C. Wrenn
                        Attorney for Defendants KVP, LP dba Bouchon
                        Restaurant and KRM, Inc. dba Thomas Keller
                        Restaurant Group


**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: May 23, 2025