Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Andrea Ringer, CA SBN 307315
andrea.ringer@eeoc.gov
Dayana R. Pelayo, CA SBN 308705
dayana.pelayo@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Oscar Peralta, NV SBN 13559
oscar.peralta@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 5560
Las Vegas, NV 89101
Telephone: (702) 553-4457

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KVP, LP dba Bouchon Restaurant; KRM, Inc, dba Thomas Keller Restaurant Group; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 2:23-cv-01308-JCM-EJY<br><br>**STIPULATION TO EXTEND SCHEDULING ORDER DEADLINES (Third Request)** |

Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), Defendants KVP, LP dba Bouchon Restaurant ("Bouchon") and KRM, Inc. dba Thomas Keller Restaurant Group ("TKRG") (collectively, "the Parties"), hereby submit this joint stipulation to extend the deadlines in the scheduling order (ECF No. 25) by 90 days, as follows:

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Discovery Cut-Off: | December 19, 2025 | March 19, 2026 |
| Amending Pleadings and Adding Parties | September 19, 2025 | December 18, 2025 |
| Expert Disclosures | September 19, 2025 | December 18, 2025 |
| Rebuttal Expert Disclosures | November 14, 2025 | February 12, 2026 |
| Dispositive Motions: | January 20, 2026 | April 20, 2026 |
| Joint Pretrial Order: | February 17, 2026, 30 days after the resolution of dispositive motions or further Court order | May 18, 2026, 30 days after the resolution of dispositive motions, or further Court order. |

This is the third request for an extension of time regarding the above referenced deadlines. This Stipulation is based upon the following:

Good cause exists to extend the discovery and scheduling order deadlines as the Parties have been exercising reasonable diligence in pursuing their discovery obligations and preparing for mediation but have encountered delays since their second request (ECF No. 45). The Parties are due to attend mediation on August 20, 2025. Despite the Parties' diligence in conducting focused discovery to ensure a productive and successful mediation, the Parties have been unable to progress on Defendants' production of ESI that was subject to the Court's Order (ECF No. 42) nor schedule the remaining three pre-mediation depositions, including Defendants' former human resource employee, a key witness. EEOC requires these documents and key testimony from Defendants' outstanding witness to effectively retain an expert. Therefore, the Parties request additional time to complete the discovery needed, preserve their ability to retain experts,

and maintain consistency with the other case management deadlines while the Parties finalize their mediation preparations. In the event the Parties are not successful at mediation, the Parties will require additional time to complete remaining discovery.

Here, EEOC alleges that Defendants have subjected a class of individuals to harassment, and to prove its case seeks discovery to establish that Defendants subjected a class of individuals to severe and pervasive harassment, that Defendants knew or should have known about the harassment and failed to take reasonable steps to prevent or correct it, and that the class was damaged as a result. The Parties have been working diligently in pursuing discovery obligations and attempting to resolve disputes without Court intervention. Immediately after the Rule 26f conference in January 2024, the Parties both issued its first set of requests for production and prepared for an Early Neutral Evaluation ("ENE") session in March 2024. After the ENE session, where the Parties did not reach agreement, the Parties served and responded to two sets of discovery, supplemented their disclosures and production several times, engaged in extensive meet and confer efforts regarding the Parties responses and any perceived deficiencies including electronically-stored information ("ESI") sources and productions from May 2024 through October 2024, prior to EEOC filing its motion to compel, and the Parties have taken three (3) depositions while coordinating scheduling of another six (6) depositions.

On November 19, 2024, EEOC filed a motion to compel discovery responses and production of key documents, which was fully briefed as of December 20, 2024. On March 7, 2025, the Court issued its Order (ECF No. 42), granting a number of EEOC's requests. The Court's Order set specific deadlines for Defendants' compliance (*i.e.*, (1) Defendants must exchange ESI search terms and parameters by March 24, 2025; (2) ESI conferral must occur by March 27, 2025; and (3) Defendants must produce documents and simultaneously supplement written responses by April 18, 2025). The Court also included an April 25, 2025 deadline for the Parties to submit a Joint Status Report to the extent the Parties did not agree with Defendants' compliance with the Order.

On April 25, 2025, the Parties filed a Joint Status Report (ECF No. 43) including the Parties' individual positions as to Defendants' compliance and requested a Status Conference to

discuss the outstanding issues. To date, EEOC remains in essentially the same position as it was when the Parties filed its first request for extension of deadlines (ECF No. 40) regarding EEOC's receipt of Defendants' ESI which is needed for EEOC's pending depositions prior to mediation, and after mediation should the Parties be unsuccessful.

Furthermore, EEOC continues to identify and disclose more claimants, including as recent as July 21, 2025. Defendants also provided an updated employee list in June 2025 and EEOC expects it may identify and disclose additional claimants. Thus, the Parties anticipate they will require additional time to take and respond to discovery as to any other new claimants identified right before and after mediation.

Despite exercising diligence, the Parties also require additional time to engage experts as they continue to lack necessary documents and testimony to provide to retained experts in order for them to prepare reports pursuant to Fed. R. Civ. P. 26(a)(2)(B). Therefore, the Parties have agreed to extend all discovery deadlines to maintain consistency in the management of all deadlines and respectfully request the Court's approval.

**(a)    Discovery Completed to Date**

On October 24, 2023, EEOC sent Defendants a detailed letter regarding Preservation of Information and Electronically Stored Information ("ESI").

On January 12, 2024, EEOC sent Defendants a detailed letter regarding the Rule 26(f) conference, including EEOC's Form of Production requirements.

On January 16, 2024, the Parties held a joint Rule 26(f) conference. Pursuant to Fed. R. Civ. P. 26, the parties could not serve written discovery prior to the Rule 26(f) conference.

On January 18, 2024, EEOC served its first set of requests for production on Defendants, which included information regarding Defendants' policies and procedures regarding discrimination, harassment, and retaliation, complaints of discrimination, harassment, and retaliation, documents relating to aggrieved individuals and alleged harassers.

On January 30, 2024, the Parties filed a Stipulated Discovery Plan (ECF No. 24) and on the same day, the Court issued the scheduling order for this action and set the discovery cut-off for June 20, 2025 (ECF No. 25).

On February 15, 2024, EEOC served its initial disclosures.

On February 20, 2024, Defendants served their initial disclosures and responses to EEOC's first set of requests for production.

On March 7, 2024, Defendants served their First Supplemental Disclosures.

On March 12, 2024, EEOC served its First Supplemental Disclosures and Defendants served their Second Supplemental Disclosures. The Parties also attended an Early Neutral Evaluation ("ENE") session on this date but did not reach an agreement. After the ENE session, Defendants sent a letter to EEOC requesting to take depositions of Charging Party and claimants.

On April 30, 2024, EEOC sent a meet and confer letter to Defendants regarding their deficient responses.

On May 16, 2024, the Parties met and conferred to discuss EEOC's first requests for production, and Defendants served their Third Supplemental Disclosures.

On May 24, 2024, EEOC sent Defendants correspondence memorializing items discussed at the May 16, 2024 meeting.

On May 31, 2024, Defendants served their Fourth Supplemental Disclosures.

On June 16, 2024, Defendants served supplemental responses to EEOC's first set of requests for production and served its first set of requests for production to EEOC.

On July 1, 2024, Defendants served their Fifth Supplemental Disclosures.

On July 24, 2024, EEOC served its responses to Defendants' first set of requests for production.

On August 26, 2024, Defendant Bouchon served its first set of requests for admissions to EEOC.

On August 29, 2024, EEOC served its first set of requests for admissions on each Defendant, its first set of interrogatories to Defendants, and second set of requests for production to Defendants.

On September 10, 2024, Defendants served their Sixth Supplemental Disclosures.

On September 12, 2024, Defendants served their second supplemental responses to EEOC's first set of requests for production.

On September 25, 2024, EEOC served its responses to Defendant Bouchon's first set of requests for admissions.

On October 4, 2024, Defendants served their Seventh Supplemental Disclosures.

On October 9, 2024, Defendants served responses to EEOC's first set of requests for admissions and their second set of requests for documents on the EEOC. On the same day, Defendant Bouchon served its first set of interrogatories on the EEOC.

On October 15, 2024, Defendants served their responses to EEOC's second set of requests for production and served their Eighth Supplemental Disclosures.

From May 16, 2024 through October 22, 2024, EEOC engaged in multiple meet and confer efforts with Defendants regarding their responses to EEOC's first set of requests for production during which the Parties also attempted to coordinate and schedule depositions. By October 16, 2024, the Parties reached agreement as to four (4) depositions and continued to ascertain the availability of an additional three (3) witnesses.

On October 28, 2024, Defendants provided responses to EEOC's first set of interrogatories.

On November 6, 2024, EEOC informed Defendants that the deposition scheduled for November 13, 2024 would not be able to go forward and requested it be rescheduled.

On November 8, 2024, EEOC served its responses to Defendants' second set of requests for production and its Second Supplemental Disclosures which identified an additional set of claimants.

On November 12, 2024, EEOC served its responses to Defendant Bouchon's first set of interrogatories.

On November 14, 2024, Defendants took the deposition of an EEOC claimant.

On November 18, 2024, Defendants took the deposition of an EEOC claimant.

On November 19, 2024, EEOC filed a Motion to Compel with this Court pertaining to disputes regarding Defendants' responses to EEOC's first set of requests for production, ESI sources and search methodology, and production of key documents, including, but not limited to, those relating to complaints, HR policies and investigations, and claimants.

On November 20, 2024, EEOC took the deposition of Defendants' witness, a current employee.

The Parties agreed to stipulate to two (2) extensions of time for Defendants to file their opposition to EEOC's motion to compel, which were granted by the Court, first to December 10, 2024 (ECF No. 35) and second to December 13, 2024 (ECF No. 37).

On December 13, 2024, Defendants filed an Opposition to EEOC's Motion to Compel and Defendants served their Ninth Supplemental Disclosures.

On December 20, 2024, EEOC filed a Reply in Support of Its Motion to Compel. EEOC subsequently awaited a ruling on the Motion to Compel regarding outstanding documents and production of ESI which were vital for deposition preparation.

On February 27, 2025, the Parties requested their first extension of discovery and scheduling order deadlines, which was granted by the Court on the same date.

On March 7, 2025, the Court issued its Order (ECF No. 42) regarding EEOC's Motion to Compel as to EEOC's first set of requests for production of documents and set specific deadlines for Defendants' compliance as to ESI conferral, supplemental production of documents, and supplemental written responses.

On March 13, 2025, EEOC requested Defendants' availability to meet and confer by the Court ordered deadline of March 27, 2025.

On March 18, 2025, EEOC requested May deposition availability from Defendants as to three (3) of its witnesses.

On March 19, 2025, EEOC sent follow up correspondence requesting Defendants' availability to meet and confer by the Court ordered deadline of March 27, 2025.

On March 21, 2025, Defendants confirmed March 27, 2025 as the conferral date.

On March 25, 2025, EEOC informed Defendants of their failure to provide ESI search terms by the Court's March 24, 2025 deadline.

On March 26, 2025, EEOC contacted Defendants regarding the outstanding ESI search terms and its impact on the Parties' ability to confer as to ESI by the Court's next deadline.

On March 27, 2025, Defendants provided ESI search terms to EEOC, and the Parties held

a partial conferral, as Defendants' IT vendor was unable to attend the scheduled meeting.

On April 1, 2025, the Parties conferred regarding ESI with ESI personnel present for each side. The Parties discussed that agreement on search term parameters, including exchanging hit count reports, would be needed prior to ESI collection and production. Defendants agreed to circulate their proposed custodian list and search terms by April 4, 2025.

On April 3, 2025, EEOC served notices to take depositions of three (3) of Defendants' witnesses on May 6, May 7, and May 15. That same day, EEOC also served its Rule 34 Inspection Request to Defendant Bouchon set for May 8, 2025.

On April 8, 2025, Defendants provided their proposed list of custodians and updated search terms.

On April 9, 2025, the Parties conferred regarding ESI and agreed that the EEOC would provide proposed search terms for Defendants' consideration and feedback.

On April 14, 2025, EEOC sent a meet and confer letter to Defendants regarding deficient responses to EEOC's first set of requests for admissions, first set of interrogatories, and second set of requests for production of documents.

On April 16, 2025, EEOC provided Defendants with proposed search terms and an updated custodians list.

On April 21, 2025, EEOC contacted Defendants regarding their failure to comply with the April 18, 2025 deadline set by the Court to produce documents and supplemental written responses, and the need to file a Joint Status Report by April 25, 2025.

On April 22, 2025, Defendants communicated to the EEOC they had requested an update on the hit counts from their IT provider.

On April 25, 2025, the Parties filed a Joint Status Report as to Defendants' noncompliance with the Court's Order (ECF No. 43) and requested that the Court set a Status Conference with proposed dates of May 6, 2025 or the week of May 19, 2025. That same day, Defendants served their Tenth Supplemental Disclosures and produced one out of two pending personnel files responsive to EEOC's first set of requests for production of documents. EEOC served its third set of requests for production of documents to Defendants on this date.

On April 29, 2025, EEOC informed Defendants of their failure to respond to EEOC's April 14, 2024 meet and letter requesting a pre-filing conference, failure to supplement their responses by April 28, as requested, and EEOC's intention to file a motion to compel as to EEOC's first set of requests for admissions, first set of interrogatories, and second set of requests for production of documents, if no further timely response was received. On this date, EEOC also requested that Defendants confirm whether their witnesses would appear at the noticed depositions for May 6, May 7, and May 15, as two were due to occur the following week.

On April 30, 2025, Defendants informed EEOC that the May 6 and May 7 dates were not viable. The Parties subsequently discussed and exchanged emails regarding scheduling of all depositions and obtaining renewed availability for June and early July.

On May 2, 2025, Defendants served their third set of requests for production of documents to EEOC.

On May 12, 2025, Defendants provided their first ESI hit count reports.

On May 20, 2025, the Parties agreed to renewed deposition dates for two of Defendants' witnesses, identified potential dates for a third witness and EEOC's Rule 34 Inspection Request, which were projected to occur within the weeks of June 9 and June 16, 2025.

On May 28, 2025, EEOC informed Defendants of their failure to respond to EEOC's third set of requests for documents by the deadline of May 27, 2025. Defendants later served their responses to EEOC's third set of requests for production of documents and their response to EEOC's Rule 34 site inspection request that same day. EEOC had previously informed Defendants of their failure to respond to EEOC's Rule 34 Site Inspection Request on May 6, 2025.

On June 2, 2025, EEOC served its responses to Defendants' third set of requests for production of documents.

On June 3, 2025, Defendants served their Eleventh Supplemental Disclosures.

From May 21 through June 3, 2025, the Parties continued to confer as to scheduling six (6) depositions and a site inspection, including additional dates for the week of June 23. By June 3, 2025, the Parties had agreed on dates for three (3) depositions and a site inspection, which

1  were to occur on June 11, June 23, June 25, and June 26.

2  From May 1, 2025 through June 9, 2025, the Parties engaged in several conferrals and
3  communications regarding ESI and outstanding issues relating to EEOC's first set of request for
4  admissions, first set of interrogatories and second set of requests for production of documents.

5  On June 9, 2025, Defendants provided a second hit count report from altered ESI search
6  terms.

7  On June 11, 2025, EEOC took the deposition of Defendants' witness, a former employee.

8  On June 12, 2025, EEOC sent correspondence regarding Defendants' response to
9  EEOC's Rule 34 Site Inspection Request.

10  From June 4, 2025 through June 20, 2025, the Parties conferred as to Defendants'
11  production of outstanding documents related to EEOC's depositions.

12  On June 23, 2025, EEOC took the deposition of Defendants' witness. That same day,
13  Defendants served their Twelfth Supplemental Disclosures.

14  On June 24, 2025, the Parties exchanged emails and conferred as to EEOC's Rule 34 site
15  inspection of Defendant KVP's premises including parameters for an inspection of Defendant
16  KVP's bakery department.

17  On June 25, 2025, EEOC conducted a Rule 34 Site Inspection of Defendant KVP's
18  restaurant premises.

19  On June 26, 2025, Defendants took the deposition of an EEOC claimant.

20  On June 27, 2025, Defendants served their Thirteenth Supplemental Disclosures.

21  On July 1, 2025, the Parties conferred as to outstanding discovery issues, ESI, and
22  depositions. The Parties discussed the need to continue conferring to narrow the number of hits
23  and the universe of ESI documents. The Parties agreed to a further conferral with ESI personnel
24  present, have circulated dates, and are due to agree on date soon.

25  On July 21, 2025, EEOC served its Third Supplemental Initial Disclosures.

26  On July 22, 2025, Defendants served their Fourteenth Supplemental Disclosures.

27  From July 21, 2025 through August 4, 2025, the Parties exchanged emails and conferred
28  as to outstanding discovery items leading up to mediation, including narrowing possible dates for

the remaining pre-mediation depositions to occur the week before mediation, August 11-15. The Parties anticipate reaching agreement regarding depositions this week.

**(b)       Discovery Remaining to Be Completed**

The Parties continue to focus on pre-mediation discovery in order to hold a productive mediation session on August 20, 2025. Since the Parties last request to extend deadlines (ECF No. 45), the Parties continued to diligently work on conducting pre-mediation discovery, issuing and responding to additional requests for production of documents, taking three (3) depositions and a site inspection of Defendants' KVP restaurant premises. The Parties are in the process of identifying the best date and time for a site inspection of Defendant KVP's bakery department which was not able to occur on the same day as the restaurant inspection. The Parties continue to negotiate search terms and custodians as to Defendants' ESI but have encountered delays in being able to narrow the universe of documents. The Parties are in discussions regarding next best steps for ESI and are due to meet with ESI personnel in the coming weeks. Similarly, in the interest of mediation, EEOC has negotiated with Defendants as to limited discovery production wherein Defendants have been producing documents on a rolling basis and are due to produce more outstanding documents regarding EEOC's second and third set of requests for production of documents. However, there has been no production of ESI subject to the Court's Order (ECF No. 42) to date, and much of the Parties' efforts remain focused on targeted pre-mediation discovery. The Parties anticipate needing more time to review the remaining document productions and ESI, as well as gathering information from the newly identified claimants and witnesses.

Furthermore, the Parties anticipate that more discovery will need to be conducted should mediation be unsuccessful. Pursuant to the discovery plan, the Parties may take up to 15 depositions. Defendants have indicated in the past that they intend to depose all EEOC's claimants, which includes at minimum another 10 depositions. The Parties have been unable to coordinate a date for the deposition of Defendants' former human resource employee, the remaining key witness that EEOC has sought to depose pre-mediation, as they have been unreachable by Defendants. Consequently, the Parties anticipate being unable to schedule their

deposition for a date before mediation. Furthermore, EEOC anticipates taking its remaining 11 depositions including Defendants' 30(b)(6) corporate designees, once crucial ESI and outstanding document production commences by Defendants. Should the Parties not reach agreement at mediation, the Parties will require additional time to agree on and schedule the approximate 21 remaining depositions permitted.

**(c)     Reasons Discovery Cannot Be Completed within Existing Deadlines**

As described above, the Parties have been diligent in their overall conduct during the discovery period, including focusing on conducting pre-mediation discovery to ensure a productive mediation session, which is fast approaching on August 20, 2025, and negate the need for trial and an unnecessary expenditure of resources. EEOC has been diligent and persistent in attempting to resolve its discovery disputes with Defendants including noncompliance with the deadlines in the Court's Order (ECF No. 42) as to EEOC's Motion to Compel regarding its first set of requests for production and conferrals as to ESI. EEOC has persistently requested Defendants' cooperation in negotiating search terms and providing useful hit count reports so that the Parties can make movement on the universe of relevant documents and agree on a rolling ESI production. EEOC further has been diligent in attempting to resolve its discovery disputes with Defendants as to its first set of requests for admissions, first set of interrogatories and second set of requests for documents, without Court intervention. The Parties have conferred several times on these outstanding issues and continue to work to identify a timeline for supplemental responses and productions to facilitate a productive mediation. Defendants have begun to make rolling productions of outstanding documents, but many remain to be produced. While the Parties continue to make progress on pre-mediation discovery, the delays to date, including the upcoming August 20, 2025 mediation necessitate modification to the scheduling order to ensure orderly case management. Given the current state of ESI negotiations, depositions taken, and documents produced to date, the Parties will be prejudiced by the upcoming deadline of September 19, 2025, as there is still uncertainty in being able to evaluate their needs for expert witness.

At present, even if EEOC were to retain an expert, the expert would be unable to rely on

key relevant information to prepare their report given the state of outstanding ESI, document production, and the remaining key deposition to be scheduled. The Parties continue to negotiate and confer regarding ESI search terms, parameters, collection, and production but are still behind schedule. EEOC requires this information and ample time to review to effectively evaluate its need for expert witnesses.

Furthermore, the Parties' focus since the last request has been on pre-mediation discovery and mediation preparations for a session on August 20, 2025. As such, the Parties request additional time to conduct discovery should mediation be unsuccessful and to maintain consistency in case management deadlines.

**(d)    Proposed Dates for Discovery Deadlines**

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Discovery Cut-Off: | December 19, 2025 | March 19, 2026 |
| Amending Pleadings and Adding Parties | September 19, 2025 | December 18, 2025 |
| Expert Disclosures | September 19, 2025 | December 18, 2025 |
| Rebuttal Expert Disclosures | November 14, 2025 | February 12, 2026 |
| Dispositive Motions: | January 20, 2026 | April 20, 2026 |
| Joint Pretrial Order: | February 17, 2026, 30 days after the resolution of dispositive motions or further Court order | May 18, 2026, 30 days after the resolution of dispositive motions, or further Court order. |

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: August 6, 2025

*/s/ Dayana R. Pelayo*
Dayana R. Pelayo
Attorney for Plaintiff U.S. EEOC

GORDON, REES, SCULLY, MANSUKHANI

Dated: August 6, 2025

*/s/ Dione C. Wrenn*
Dione C. Wrenn
Attorney for Defendants KVP, LP dba Bouchon Restaurant and KRM, Inc. dba Thomas Keller Restaurant Group

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: August 6, 2025