Anna Y. Park, CA SBN 164242
anna.park@eeoc.gov
Dayana R. Pelayo, CA SBN 308705
dayana.pelayo@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Sophia Tarazi, CA SBN 329721
sophia.tarazi@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
550 West C Street, Suite 750
San Diego, CA 92101
Telephone: (213) 785-1614

Deborah A. Mann, NV SBN 3763
deborah.mann@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 5560
Las Vegas, NV 89101
Telephone: (702) 553-4464

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KVP, LP dba Bouchon Restaurant; KRM, Inc, dba Thomas Keller Restaurant Group; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-01308-JCM-EJY<br><br>**STIPULATION TO EXTEND SCHEDULING ORDER DEADLINES (Fourth Request)** |

-1-

Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), Defendants KVP, LP dba Bouchon Restaurant ("Bouchon") and KRM, Inc. dba Thomas Keller Restaurant Group ("TKRG") (collectively, "Defendants"), and Plaintiff-Intervenor Carol Zavala (collectively, "the Parties"), hereby submit this joint stipulation to extend the deadlines in the scheduling order (ECF No. 25) by 120 days, as follows:

| Event | Current Deadline[1] | Requested Deadline |
|---|---|---|
| Discovery Cut-Off: | May 11, 2026 | September 8, 2026 |
| Amending Pleadings and Adding Parties | February 9, 2026 | June 9, 2026 |
| Expert Disclosures | February 9, 2026 | June 9, 2026 |
| Rebuttal Expert Disclosures | April 6, 2026 | August 4, 2026 |
| Dispositive Motions: | June 12, 2026 | October 13, 2026 |
| Joint Pretrial Order: | July 10, 2026, 30 days after the resolution of dispositive motions, or further Court order. | November 9, 2026, 30 days after the resolution of dispositive motions, or further Court order. |

This is the fourth request for an extension of time regarding the above referenced deadlines. This Stipulation is based upon the following:

Good cause exists to extend the discovery and scheduling order deadlines as EEOC and Defendants had been exercising reasonable diligence in pursuing their discovery obligations and preparing for mediation session set for August 20, 2025, which was ultimately unsuccessful. After mediation, the Parties re-engaged with full discovery including attempting to resolve outstanding disputes. At present, EEOC has filed two discovery motions on important discovery issues (ECF Nos. 63, 66) that remain to be fully briefed and whose resolution may come after first upcoming scheduling order deadlines of February 9, 2026 (*e.g.*, expert). Despite exercising

---

[1] In accordance with the Court's October 2, 2025 Order (ECF No. 56), EEOC calculated a 53-day extension (*i.e.*, 43 days of the lapse in appropriations plus 10 days) from the dates in the last order (ECF No. 48) regarding deadlines.

diligence, the Parties also require additional time to engage experts as they continue to lack necessary documents, which are subject to the pending motions, and testimony to provide to retained experts in order for them to prepare reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).

As such, the Parties request additional time to complete the discovery needed, preserve their ability to retain experts, and maintain consistency with the other case management deadlines and respectfully request the Court's approval.

### (a)    Discovery Completed to Date

Here, EEOC alleges that Defendants have subjected a class of individuals to harassment, and to prove its case seeks discovery to establish that Defendants subjected a class of individuals to severe and pervasive harassment, that Defendants knew or should have known about the harassment and failed to take reasonable steps to prevent or correct it, and that the class was damaged as a result. To date, EEOC has disclosed 21 claimants, and the lawsuit covers a period from 2018 to the present. As a result, the discovery required is voluminous, both in terms of the permitted depositions required and relevant and responsive document needed. EEOC and Defendants have been working diligently in pursuing discovery obligations and attempting to resolve disputes since January 2024 through the present day.

### (1)    Discovery in 2024

Immediately after the Rule 26(f) conference in January 2024, EEOC and Defendants both issued their first set of requests for production and prepared for an Early Neutral Evaluation ("ENE") session in March 2024. After the ENE session, where EEOC and Defendants did not reach agreement, both served and responded to two sets of discovery, supplemented their disclosures and production several times, engaged in extensive meet and confer efforts regarding their responses and any perceived deficiencies including electronically stored information ("ESI") sources and productions from May 2024 through October 2024, prior to EEOC filing its first motion to compel. EEOC and Defendants also took and defended three depositions on November 14, 18, and 20, 2024. On November 19, 2024, EEOC filed a motion to compel discovery responses and document productions (ECF No. 33) which was fully briefed by December 20, 2024.

**(2)    Discovery in 2025-2026**

*(A)    Pre-Mediation Discovery*

On February 27, 2025, EEOC and Defendants requested their first extension of discovery and scheduling order deadlines, which was granted by the Court on the same day. *See* ECF Nos. 40, 41. On March 5, 2025, the Court issued its Order (ECF No. 42) regarding EEOC's Motion to Compel as to EEOC's first set of requests for production of documents and set specific deadlines for Defendants' compliance as to ESI conferral, supplemental production of documents, and supplemental written responses in late March 2025 through the end of April 2025. EEOC and Defendants worked on Defendants' compliance with the Court's Order but ultimately disagreed as to their compliance and filed a Joint Status Report (ECF No. 43) per the Court's Order.

In addition to addressing Defendants' compliance issues regarding the Court's Order (No. 42), EEOC and Defendants were also focused on conducting limited pre-mediation discovery to conserve resources and ensure a productive mediation. However, due to difficulty in securing a mediation date, EEOC and Defendants requested a second extension of deadlines on May 22, 2025. *See* ECF No. 45. The Court granted the request the next day. *See* ECF No. 46. As such, between April 2025 and August 2025, EEOC and Defendants collectively took and defended four depositions on June 11, 23, 26, and August 14, 2025, facilitated and conducted a site inspection on June 25, 2025, issued and responded to written requests for production of documents on April 25, May 2, May 28, and June 2, 2025, served six (6) supplemental initial disclosures as late as July 22, 2025, and exchanged several production of documents, and conferred extensively as to outstanding discovery issues inclusive of depositions and ESI leading up to the August 20, 2025 mediation. Despite EEOC and Defendants' efforts during this period, progress stalled as to Defendants' ESI production leading to the third request for extension deadlines filed August 6, 2025, which the Court granted the same day. *See* ECF Nos. 47, 48.

*(B)    Post-Mediation Discovery*

As mediation was unsuccessful, on September 9, 2025, EEOC renewed its efforts to as the outstanding discovery inclusive of written discovery, ESI, and depositions. EEOC also issued additional discovery in late September 2025 inclusive of correspondence regarding deficiencies

in Defendants' responses to EEOC's third set of RFPs on September 24, a fourth set of requests for production of documents and supplemental disclosures identifying new claimants on September 25, and notices regarding five (5) depositions on September 11 and September 26, 2025. EEOC and Defendants conferred over three weeks regarding scheduling 15-20 depositions and reached agreement on September 30, 2025. Furthermore, Plaintiff-Intervenor/Charging Party was granted permission to intervene as a party (ECF No. 54) on September 12, 2025.

From October 1, 2025 through November 12, 2025, EEOC was closed due to the lapse in appropriations. On November 12, 2025, Defendants provided responses to EEOC's fourth set of requests for production. Shortly after re-opening, EEOC reinitiated its communications with Defendants as to outstanding discovery issues on November 21, 2025 and received partial responses on December 1 and 4, 2025. However, EEOC and Defendants were unable to resolve their disputes as to outstanding written discovery and ESI. As such, EEOC filed two discovery motions on December 22, 2025 and January 8, 2026 seeking Court intervention. *See* ECF No. 63, 66. These motions are yet to be fully briefed with remaining responses and replies expected to be filed on January 16, January 22, and January 29, 2026.

EEOC has also moved forward with scheduling depositions with Defendants including serving seven (7) deposition notices on January 12, 2026 inclusive of requesting availability for Defendants' 30(b)(6) corporate designees.

**(b)     Discovery Remaining to Be Completed**

As set forth above, the Parties require additional time to complete the following: (1) finalize briefing and await resolution as to as EEOC's pending discovery motions (ECF Nos. 63, 66) which will likely lead to extensive document production; (2) review and coordinate Defendants' ESI production; (3) take 15-20 depositions, seven of which have already been noticed by EEOC; (4) disclose expert reports which require disclosure of pending discovery (much of which is subject of EEOC's discovery motions); and (5) issue further written discovery, as necessary.

**(c)     Reasons Discovery Cannot Be Completed within Existing Deadlines**

As described above, EEOC and Defendants had been diligent in its overall conduct

during the discovery period, including focusing on conducting limited pre-mediation discovery in anticipation of a productive mediation session on August 20, 2025. Since the Parties' last extension, and after mediation was unsuccessful, EEOC and Defendants have engaged in discussions attempting to resolve discovery disputes and have been diligent in moving forward with discovery. However, given the nature of this case—a class case with over twenty alleged victims of discrimination—the required discovery is voluminous. The Parties have diligently sought the required discovery but there remain several ESI disputes, depositions to be taken, and document productions outstanding. As a result, EEOC will be prejudiced by the upcoming expert deadline of February 9, 2026. EEOC requires these outstanding documents and testimony from Defendants' witnesses to effectively retain an expert. Furthermore, Plaintiff-Intervenor/Charging Party was granted permission to intervene as a party on September 12, 2025 and has yet to file a Complaint in Intervention. Accordingly, the Parties will require additional time to file appropriate pleadings and take and respond to discovery. As such, the Parties requests additional time to conduct discovery, obtain resolution as to the current discovery disputes before the Court, and to maintain consistency in case management deadlines.

**(d)    Proposed Dates for Discovery Deadlines**

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Discovery Cut-Off: | May 11, 2026 | September 8, 2026 |
| Amending Pleadings and Adding Parties | February 9, 2026 | June 9, 2026 |
| Expert Disclosures | February 9, 2026 | June 9, 2026 |
| Rebuttal Expert Disclosures | April 6, 2026 | August 4, 2026 |
| Dispositive Motions: | June 12, 2026 | October 13, 2026 |
| Joint Pretrial Order: | July 10, 2026, 30 days after the resolution of dispositive motions or further Court order | November 9, 2026, 30 days after the resolution of dispositive motions, or further Court order. |

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

|                                    | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|------------------------------------|---------------------------------------------|

Dated: January 14, 2026               /s/ Dayana R. Pelayo
                                      Dayana R. Pelayo
                                      Attorney for Plaintiff U.S. EEOC


                                      GORDON, REES, SCULLY, MANSUKHANI

Dated: January 14, 2026               /s/ Dione C. Wrenn
                                      Dione C. Wrenn
                                      Attorney for Defendants KVP, LP dba Bouchon
                                      Restaurant and KRM, Inc. dba Thomas Keller
                                      Restaurant Group


                                      F. TRAVIS BUCHANAN, ESQ.,
                                      & ASSOCIATES, PLLC

Dated: January 14, 2026               /s/ F. Travis Buchanan
                                      F. Travis Buchanan
                                      Attorney for Plaintiff-Intervenor Carol Zavala


                                                    **IT IS SO ORDERED:**


                                      _____
                                      **UNITED STATES MAGISTRATE JUDGE**


                                          DATED:  January 14, 2026