Beatriz Biscardi Andre, CA SBN 367034
beatriz.andre@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone: (786) 648-5806

Sophia Tarazi, CA SBN 329721
sophia.tarazi@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
550 West C Street, Suite 750
San Diego, CA 92101
Telephone: (213) 785-1614

Dayana R. Pelayo, CA SBN 308705
dayana.pelayo@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*[Additional Counsel on Next Page]*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>KVP, LP dba Bouchon Restaurant; KRM, Inc, dba Thomas Keller Restaurant Group; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO.: 2:23-cv-01308-JCM-EJY<br><br>~~[PROPOSED]~~ **CONSENT DECREE** |

Deborah A. Mann, NV SBN 3763
deborah.mann@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 5560
Las Vegas, NV 89101
Telephone: (702) 553-4464

Attorney for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## I.    <u>INTRODUCTION</u>

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendants KVP, LP, dba Bouchon Restaurant ("Bouchon"), and KRM, Inc, dba Thomas Keller Restaurant Group ("TKRG") (hereinafter "Defendants") (collectively, "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendants in *U.S. Equal Employment Opportunity Commission v. Defendants KVP, LP, dba Bouchon Restaurant, and KRM, Inc, dba Thomas Keller Restaurant Group*, Case No. 2:23-cv-01308-JCM-EJY (the "Action").

On August 24, 2023, EEOC filed the Action in the United States District Court, District of Nevada, for violations of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The Action alleged Defendants subjected the Charging Party and a class of similarly aggrieved individuals (collectively, the "Claimants") to discrimination based on sex, including a sexually hostile work environment and retaliation in violation of Title VII.

## II.    <u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

The Parties agree that EEOC's claims against Defendants in the Action should be fully and completely resolved by entry of this Decree with Defendants. This Decree is made and entered by and between EEOC and Defendants and shall be binding on and enforceable against Defendants and their parents and subsidiaries, and their successors and assigns, if any. The scope of this Decree is companywide as to each Defendant. In addition, any new locations or properties acquired by Bouchon after the date that the court approves this Decree shall fall within the scope of this Decree. The Parties enter into this Decree for the following purposes:

A.    to provide appropriate monetary and injunctive relief;

B.    to ensure that Defendants' employment practices comply with Title VII;

C.    to ensure that Defendants maintain workplaces free from harassment and retaliation;

D.    to review and revise Defendants' policies, procedures, and practices to prevent or correct sexual harassment and retaliation;

E.    to ensure effective training of Defendants' employees, managers, supervisors, owners,

executives, and human resources representatives regarding the rights of employees and the obligations of employers under Title VII as it relates to sexual harassment and retaliation;

F.        to provide an appropriate and effective mechanism for handling complaints of sexual harassment, discrimination, and retaliation, and ensure reasonable corrective and preventative measures are taken in response;

G.        to ensure appropriate record keeping, reporting, and monitoring; and

H.        to avoid the time, expense, and uncertainty of further litigation.

### III.        RELEASE OF CLAIMS

A.        This Decree fully and completely resolves and releases Defendants from all issues, claims, and allegations that were raised by EEOC against Defendants in this Action, including EEOC Charge No. 487-2019-00903.

B.        Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal antidiscrimination statute.

C.        Nothing in this Decree shall be construed to preclude EEOC from bringing suit to enforce this Decree if fails to comply with the terms of this Decree.

D.        This Decree in no way affects EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

### IV.        JURISDICTION

A.        The Court has jurisdiction over the Parties and the subject matter of this Action. The Action asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, just, and adequate. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and be in the best interests of the Parties.

B.        The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to fully implement the relief provided herein.

[Proposed] Consent Decree

4

C.    Only EEOC may enforce compliance with this Decree with the Court.

## V.    EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective on the date which this Decree is entered by the Court ("Effective Date").

B.    This Decree shall remain in effect for four (4) years after the Effective Date.

## VI.    COMPLIANCE AND DISPUTE RESOLUTION

A.    Non-Compliance

1.    The Parties expressly agree that if EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, EEOC may bring an action in this Court to enforce the Decree.

2.    EEOC will notify Defendants and their legal counsel of record, in writing, of any non-compliance related to non-payment of monies under this Decree. Defendants shall have ten (10) business days after notice of the non-compliance to cure non-compliance related to non-payment of monies under this Decree before EEOC will initial an enforcement action in this Court. For other disputes regarding Defendants' compliance, EEOC will notify Defendants and their legal counsel of record, in writing, of the nature of the dispute prior to initiating an enforcement action. This notice shall specify the particular provision(s) that EEOC believes Defendants have violated or breached. Defendants shall have twenty-one (21) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

3.    The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in EEOC notice.

4.    After thirty (30) days have passed, inclusive of the twenty-one (21) days to resolve or cure the breach, if the Parties have reached no resolution or agreement to extend the time further, EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, an award of costs, and any attorneys; fees incurred by EEOC in securing compliance with the Decree, or any other relief the Court may deem appropriate.

## VII.   MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B.      If one or more provisions of this Decree are deemed or rendered unlawful or unenforceable, all other provisions shall remain in full force and effect, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree.

C.      By mutual agreement of the Parties, subject to the Court's approval, this Decree may be amended or modified in the interests of justice and fairness to effectuate the provisions herein.

## VIII.   MONETARY RELIEF

A.      Establishing the Class Fund

1.      In settlement of this lawsuit, Defendants shall pay a total gross sum of $2,000,000 in monetary relief ("Total Settlement Amount"). Designation, characterization, and allocation of the monetary relief to Claimants shall be at the sole discretion of EEOC.

2.      Within thirty (30) days of the Effective Date of this Decree, Defendants shall deposit the Total Settlement Amount into an interest-bearing account (the "Class Fund") managed by a Claims Administrator and provide EEOC with written verification of the funding within ten (10) days of the deposit.

3.      The Class Fund shall be used to make payments to the Claimants identified by EEOC as being eligible for monetary relief (collectively, "Eligible Claimants"). An Eligible Claimant is: (1) an individual who worked at Defendant Bouchon between 2018 and the Effective Date; and (2) qualifies for monetary relief based on EEOC's assessment of their claims. EEOC has the sole discretion to determine the criteria for eligibility for monetary relief, who qualifies as an Eligible Claimant, the amount to be distributed to each Eligible Claimant, and the characterization of monetary relief. EEOC shall determine who is an Eligible Claimant based on EEOC's assessment of the facts and of the damages available under Title VII.

Defendants agree that EEOC's determination of these issues is final, and Defendants will neither participate in, nor object to, those determinations.

B.       Claims Administration

1.       *Claims Administrator.*  Within thirty (30) days of the Effective Date, Defendants shall engage and appoint a specific qualified individual or organization ("Claims Administrator") to oversee the payment of the Class Fund and the Claims Process. The Claims Administrator must be approved by EEOC. The Parties agree that Defendants are responsible for the Claims Administrator's compliance with the obligations under this Section and any failure to comply by the Claims Administrator shall be imputed to Defendants. The Claims Administrator shall be responsible for responding to information requests from individuals regarding the claims process. If the Claims Administrator initially appointed by Defendants thereafter declines to serve or to carry out its duties under this Decree. Defendants will have ten (10) days to notify EEOC in writing of the need to replace the Claims Administrator. Defendants shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

2.       *List of Potential Claimants.*  Within ten (10) days of the selection of the Claims Administrator, Defendants shall provide the Claims Administrator and EEOC with a list of all Defendants' employees who worked at Defendant Bouchon between 2018 and the Effective Date ("Employee List"). For each identified employee, the Employee List shall include: each employee's full name, date of birth, social security number, mailing address(es), phone number(s), and email address(es); the individual's dates worked for Defendants, job titles, and departments assigned; and the individual's sex. Within thirty (30) days of receipt of the Employee List, the Claims Administrator shall conduct database searches using Accurint or a similar system to find up-to-date contact information, including phone numbers, email addresses and mailing addresses, and add the updated contact information to the Employee List.

3.       *Claims Notice and Questionnaire.*  EEOC shall provide the Claims Administrator with a Claims Notice and a Claims Questionnaire. The Claims Notice shall explain that EEOC shall determine eligibility and monetary relief amounts after receipt of a Claims Questionnaire

and that Eligible Claimants may be eligible for rehiring. The Claims Notice shall provide phone and email contact information for the Claims Administrator, explain how Potential Claimants can access and submit the Claims Questionnaire, and include a website link or QR code to an electronic version of the Claims Notice and Claims Questionnaire. The Claims Administrator shall establish a website that provides the same information as the Claims Notice regarding the Decree, the Claims Process, and how to complete the Claims Questionnaire. The website will include an embedded electronic Claims Questionnaire and a PDF version for download. The website shall also explain how Potential Claimants can seek assistance in completing the Claims Questionnaire from the Claims Administrator. On a weekly basis, the Claims Administrator shall provide EEOC with an electronic copy of all questionnaires submitted to date, and an excel spreadsheet tracking all responses to questionnaires. The Claims Administrator shall send the Claims Notice via electronic and U.S. mail to the individuals included on the Employee List within ten (10) business days of receipt of EEOC's Claims Notice and Questionnaire.

4.    *Undeliverable Mailings.*  Within thirty (30) days of mailing of the Claims Notice, the Claims Administrator shall attempt to obtain accurate contact information for undeliverable mailings. The Claims Administrator shall conduct additional database searches using Accurint or a similar system to find the Potential Claimant's most recent contact information, including phone number, email address, and mailing address. If the Claims Administrator finds more recent contact information, the Claims Administrator shall resend the Claims Notice to the new address. If the Claims Administrator fails to find a more recent mailing address, the Claims Administrator shall notify EEOC and describe its efforts to locate such employee(s) within ninety (90) days of mailing of the Claims Notice.

5.    *Lists of Eligible Claimants for Distribution of Settlement Money.*  EEOC shall provide the Claims Administrator with one or more lists ("Distribution List") of the Eligible Claimants who will be receiving monetary relief, which shall include their name, mailing address, the amount to be paid, and whether they have expressed interest in returning to work at Defendant Bouchon. All funds remaining at the expiration of this Decree shall be distributed according to a Final Distribution List provided by EEOC. The Claims Administrator shall be

[Proposed] Consent Decree

responsible for verifying each Eligible Claimant's mailing address. Within ten (10) days of receipt of a Distribution List, the Claims Administrator shall send each Eligible Claimant listed a Notice of Settlement Award and a check for the monetary amount specified by EEOC via certified mail. Within three (3) business days of issuance of settlement checks, the Claims Administrator shall submit copies and any related correspondence to EEOC. Upon request by EEOC, the Claims Administrator shall also send notices of ineligibility to persons EEOC determines are not eligible for relief.

6.    *Characterization of Payments.*  EEOC has the sole discretion to characterize the monetary relief amount to each Claimant as wage or non-wage compensation. EEOC shall make the determination of the characterization of the relief as wages or non-wage compensation. The Claims Administrator shall issue a Form 1099 to each Claimant in the amount of their non-wage monetary relief. The Claims Administrator shall issue a Form W-2 to each Claimant in the amount of their wage monetary relief, less applicable withholdings and required deductions, after such Claimant provides Claims Administrator with Internal Revenue Service ("IRS") Form W-9. No tax withholdings shall be made from the non-wage portion of monetary relief. If EEOC designates monetary relief as wages, the Claims Administrator shall issue an IRS Form W-2 to each applicable Claimant. Defendants shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to Claimants. Defendants shall make all appropriate reports to the IRS and other tax authorities. Within ten (10) days of issuance of the tax forms, Defendants shall submit copies and any related correspondence to EEOC.

7.    *Remaining Settlement Funds and Non-Negotiated Checks.*  On a quarterly basis, the Claims Administrator will notify EEOC of the remaining amount available out of the Class Fund and identify any check cancelled, not negotiated, or returned non-negotiated, to enable the Parties to track remaining settlement funds for redistribution. The Claims Administrator shall reissue checks if requested by EEOC. Any remaining monies in the Class Fund and any interest accrued shall be distributed according to a Final Distribution List provided by EEOC. The

Claims Administrator shall work with EEOC to ensure the Class Fund and interest is distributed under the Decree.

### IX.   CLAIMANT SPECIFIC INJUNCTIVE RELIEF

A.   Personnel Records and References

Within ten (10) days of receipt of a Distribution List, Defendants shall:

1.     remove and segregate from the personnel file for Eligible Claimants any references to allegations of sexual harassment, discrimination, or retaliation, the charge of discrimination filed against Defendants, or their participation in this Action and its resolution, and any documents referring to the discipline, resignation, or termination of the Eligible Claimant; and

2.     be enjoined from providing references about Eligible Claimants other than as set forth in this paragraph. Instead, Defendants must direct all reference inquiries to a human resources representative, who will provide a neutral employment reference limited to verifying whether the Eligible Claimant was employed by Defendants, the last position in which the Eligible Claimant was employed, and the duration of their employment with Defendants; and

3.     ensure that Eligible Claimants are not prohibited from re-applying for employment at Defendant Bouchon or any of Defendant TKRG's properties.

Nothing in this Decree shall be interpreted to require or permit the destruction of documents. Any reference to removing information or documents is intended to require segregating the information.

B.   Claimants Seeking Re-Employment

1.     Eligible Claimants may re-apply for hiring. The Claims Questionnaire will include an inquiry as to whether the Eligible Claimant is interested in seeking reemployment at Defendant Bouchon. The Claims Administrator or EEOC shall provide Defendants a list of all Eligible Claimants interested in seeking reemployment at Defendant Bouchon, and shall include each Eligible Claimant's last known email address.

2.     Within seven (7) business days of such communication from the Claims Administrator or EEOC, Defendants will send an email to the Eligible Claimants on the list all current job

openings and instructions on how to apply. The email will also include an explanation of how to find all other job openings in the future and how to apply.

3.    Defendants' decision not to reinstate an Eligible Claimant shall not be motivated by retaliation for participating in this Action. Rehiring shall not be in lieu of any monetary damages to which EEOC determines the Eligible Claimant is entitled.

### X.    GENERAL INJUNCTIVE RELIEF

A.    Anti-Discrimination

Defendants, their parents, owners, subsidiaries, directors, officers, agents, management (including all supervisory employees), successors, affiliates, assigns, , shall be enjoined from:

(i) engaging in discrimination or harassment in violation of Title VII, including harassment of any employee on the basis of their sex;

(ii) engaging in or becoming a party to any action, policy, or practice that is intended or is known to have the effect of discriminating or creating a hostile work environment in violation of Title VII, including on the basis of any employee's sex; or

(iii) creating, facilitating, or permitting a work environment that is hostile to employees in violation of Title VII, including on the basis of sex.

Defendants shall take prompt corrective action to address any such discrimination or harassment of which they have actual or constructive knowledge is occurring in Defendants' workplaces.

B.    Anti-Retaliation

Defendants, their parents, owners, subsidiaries, directors, officers, agents, management (including all supervisory employees), successors, affiliates, assigns, , shall be enjoined from engaging in, implementing, or permitting any action, policy, or practice that retaliates against any current or former employee or applicant because they have, in the past, or during the term of this Decree:

(i) opposed any practice they believed to be discriminatory, harassing, or retaliatory;

(ii) filed a complaint or charge of discrimination alleging such a practice;

(iii) testified or participated in any manner in any internal or external investigation or proceeding relating to this Action or any claim of discriminatory, harassing, or retaliatory conduct;

(iv) been identified as a possible witness or claimant in this Action;

(v) sought any relief or remedy under this Decree;

(vi) was identified on any list of employees described in this Decree;

(vi) sought or received any relief in accordance with this Decree; or

(vii) is associated with an employee who has engaged in the activities set forth above.

Defendants shall take prompt corrective action to address any such retaliation of which they have actual or constructive knowledge is taking place in Defendants' workplace.

## XI.   SPECIFIC INJUNCTIVE RELIEF

A.   Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendants shall provide EEOC with the names of two (2) or more potential external monitors with demonstrated experience in the areas of preventing and combatting sexual harassment in the workplace to ensure Defendants' compliance with this Decree. The Monitor shall have language capabilities needed to communicate with Defendants' workforce. If EEOC does not approve Defendants' proposed monitors, EEOC will propose alternate monitors. Defendants shall retain and engage the Equal Employment Opportunity Monitor ("Monitor") from among those candidates approved by EEOC. The Parties agree that Defendants are responsible for the Monitor's compliance with the obligations under this Decree and any failure to comply by the Monitor shall be imputed to Defendants. The Monitor shall have access to Defendants' documents and employees and shall ensure Defendants' full compliance with Title VII, and the provisions of this Decree.

The Monitor's responsibilities shall include:

1.   Conducting audits and complaint reviews as described below, to identify areas for improvement in Defendants' response to complaints of sexual harassment and retaliation;

2.   Reviewing and recommending revisions to Defendants' policies, practices, and procedures regarding discrimination and complaint procedures, to include a clear definition and

prohibition of sexual harassment, an effective and accessible complaint mechanism, and wide distribution and accessibility of those policies to all employees to ensure they know how to file a complaint regarding discrimination;

3.    Reviewing and recommending revisions to Defendants' training curriculum and implementation to ensure the trainings are effective in communicating to owners, executives, management, and employees the rights and responsibilities of employers and employees with respect to this Decree and Title VII prohibitions against sexual harassment and retaliation, including the employer's duty to take prompt corrective and preventative action to remedy any harassment;

4.    Assisting Defendants with the creation and maintenance of a Complaint Log, described below, including the creation of a centralized tracking system, and reviewing the Complaint Log and underlying documentation for complaints of sexual harassment or retaliation;

5.    Assisting Defendants with the creation and maintenance of an Online Complaint Process, described below.

6.    Reviewing, evaluating, and monitoring all alleged discriminatory, harassing, or retaliatory conduct and Defendants' response, including reviewing documents related to complaints, investigations, and resolution, to track and provide feedback and oversight on Defendants' practices regarding: documentation of complaints, investigations, and disciplinary actions; investigation of complaints received by Defendants, including the scope of investigation; conclusions drawn from investigations; disciplinary actions taken following an investigation; and reasonable steps to take to prevent and correct further harassment;

7.    Verifying that all individuals who lodge complaints or participate as Eligible Claimants or witnesses are not subjected to intimidation, threats, or retaliatory actions by Defendants, their employees, or agents;

8.    Reviewing the work and efforts of Defendants' human resources department or other personnel to effectuate the requirements of Title VII and of this Decree, including prompt and thorough investigation of all complaints of discrimination, harassment, and retaliation, and

implementation of adequate corrective and preventative measures without retaliation against complainants or witnesses;

9. Preparing a semi-annual report and exit report to EEOC on Defendants' progress and compliance under this Decree;

10. Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree;

11. Monitoring and ensuring the distribution of any documents, notices, policies, and procedures as required by this Decree; and

12. Otherwise being proactive in ensuring Defendants' full compliance with the terms of this Decree and Title VII.

B. Monitor Compliance Audits

1. *Semi-Annual Workplace Audits.* The Monitor shall conduct semi-annual audits of Defendants' workplace at Defendant Bouchon to ensure that supervisors and managers are held accountable and to encourage employees to report problems of harassment, discrimination, or related retaliation. The Monitor shall determine the scope and methodology of the audits, which may include phone calls, in-person meetings, or climate surveys designed to allow employees to respond confidentially or anonymously regarding whether they have witnessed or experienced any improper sexual comments or behavior in the workplace, whether they are comfortable reporting harassment to Defendants, and whether they have any suggested improvements to reporting sexual comments or behavior to their work environment. A climate survey shall be sent to all employees upon termination of employment to determine whether they witnessed or experienced harassment, discrimination or retaliation. The Monitor shall speak with employees to ensure compliance with anti-harassment and retaliation policies and procedures. To seek employee input, the audits will be conducted outside the presence of management and supervisors, without any onsite supervisors' advance knowledge of the audit. The Monitor shall require Defendants to take prompt and effective remedial action to correct any conduct signaling that sexual harassment or retaliation is occurring or Defendants are not taking appropriate steps to correct and prevent it.

2.    *Complaint Audits.*  Within ninety (90) days from the selection of the Monitor, the Monitor shall review all formal or informal complaints of discrimination, harassment, or retaliation made by employees of Defendants one (1) year before the Effective Date and Defendants' response to those complaints, including any corrective and preventative measures taken. Defendants shall seek guidance from the Monitor to take corrective and preventative measures for any unresolved complaints. The Monitor may request a search of Defendants' documents and email systems if the Monitor articulates a good-faith basis to believe additional complaints exist that were not disclosed by Defendants to the Monitor. The Monitor shall evaluate the adequacy of any investigations conducted, including witnesses interviewed, relevant evidence gathered and considered, and sufficiency of the final determination based on the available evidence; evaluate the efficacy of disciplinary measures taken in response; recommend appropriate corrective and preventative steps to avoid reoccurrence of the same or similar issues; and recommend appropriate corrective measures for any unresolved complaint. The audit shall try to identify any alleged repeat offenders. If any employees are determined to have repeatedly engaged in harassment, discrimination, or retaliation, the Monitor and Defendants shall closely monitor for future complaints made against them and advise supervisors and managers to monitor repeat offenders for sexually harassing or retaliatory conduct and promptly report any such conduct within seventy-two (72) hours. Any complaints alleging sexual harassment or retaliation identified in this audit shall be added to the Complaint Log to ensure tracking of individuals accused of sexual harassment or retaliation more than once.

3.    *Audit Reports.*  The results of all audits and complaint reviews shall be submitted to EEOC in the semi-annual report set forth below. The Monitor's report shall include assessments and recommendations for remedying all identified issues with sexual harassment or retaliation or Defendants' response to allegations of sexual harassment or retaliation.

C.    Policies and Procedures

1.    *Revision of Policies and Procedures.*  Within forty-five (45) days of the selection of the Monitor, Defendants—with the assistance of the Monitor—shall draft, review, or revise their policies and procedures on discrimination, harassment, and retaliation ("Final Policy"). The

Final Policy shall be written in a clear, easy-to-understand style and format. At all times, the Final Policy shall, at a minimum, include the following:

(i)    a clear explanation of prohibited conduct in violation of Title VII, including sexual harassment and retaliation, including examples;

(ii)    a clear explanation of the complaint procedure, described below;

(iii)    a statement confirming that the Final Policy applies to all individuals in Defendants' workplace, including owners, executives, managers, human resources representatives, supervisors, employees, third parties, and customers;

(iv)    a statement that all employees can lodge complaints with Defendants regarding harassing or retaliatory conduct;

(v)    an assurance that Defendants will immediately and thoroughly investigate complaints and take immediate disciplinary or corrective action if they become aware through an investigation or otherwise, that sexual harassment is likely to have occurred; and

(vi)    an assurance that persons who complain about discrimination or harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subject to retaliation.

2.    *Distribution of Final Policy.*  Defendants shall distribute the Final Policy to all employees within thirty (30) days of approval by EEOC. Defendants shall disseminate the Final Policy by (i) posting copies in areas where other workplace policies are posted in Defendants' workplace; (ii) sending an electronic copy to their personal email address; and (3) providing paper copies to employees during their work shift. For employees hired after the Effective Date, Defendants shall disseminate this information in the same manner within ten (10) days. All employees shall sign a form acknowledging receipt of the Final Policy. On a semi-annual basis throughout the term of the Decree, Defendants shall provide copies of signed acknowledgments for all employees to the Monitor for recordkeeping purposes per Section XI.J.

D.    Internal Complaint Procedure

The Internal Complaint Procedure shall incorporate the following elements:

1.    A statement encouraging employees to ask questions, share concerns, and provide

information about potential sexual harassment or related retaliation to Defendants, such as by (a) sharing information with the human resources representatives and (b) participating candidly in investigations of potential harassment or related retaliation;

2.  A clearly described process for submitting complaints of sexual harassment or discrimination that includes multiple avenues for employees to lodge complaints of harassment, discrimination, or retaliation verbally or in writing, including (a) an online complaint process as described in Section XI.G; (b) a direct phone number and email address for Defendants' human resources representatives; (c) a toll-free complaint hotline that Defendants will track; and (d) notifying *any* manager, supervisor, owner, executive or human resources representative, who will document the complaint and notify HR immediately;

3.  Prompt commencement of a thorough and objective neutral investigation of all complaints of sexual harassment or retaliation by a person trained to conduct such investigations, or a retained professional trained to conduct such investigations;

4.  A description of investigative steps, to include (a) interviewing all relevant witnesses, including the complainant and employees of Defendants; (b) reviewing all relevant evidence; (c) creating written investigative reports that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence; (d) communicating with the complainant in writing regarding the status of the complaint, investigation, results of the investigation, any remedial action taken, and follow-up on the effectiveness of remedial steps taken; (e) recommending corrective and preventative measures; and (f) appeal procedures to the Monitor should the complainant be dissatisfied with the investigation or its resolution;

5.  A statement that the nature of the complaint will determine the scope of the investigation;

6.  Assurance that no complainant shall be required to confront his or her accuser and that the confidentiality of the complaint, complainant, and investigation shall be kept confidential to the fullest extent possible under the law;

7.  Tracking and collection of all complaints of sexual harassment and related

retaliation in the Complaint Log;

8.     A requirement that all owners, managers, executives, supervisors, and human resources representatives report all observations or complaints of potential discrimination, harassment, or retaliation to Defendants' human resources personnel after making such an observation or receiving such a complaint, and within seventy-two (72) hours, when practicable, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge;

9.     A statement that it is unacceptable to retaliate against any employee for use of the Internal Complaint Procedure or for assisting in the investigation of a complaint, and that retaliation includes reduction of hours, transferring positions, and other changes to complainant or witness' employment because they used the Internal Complaint Procedure or assisted in the investigation of a complaint;

10.     A statement that if an allegation of sexual harassment or retaliation against an employee is substantiated, then such conduct will result in immediate proportionate discipline, up to and including discharge; and

11.     An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment, or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of discrimination. The procedure shall provide contact information for EEOC, including its website, and website for state and local Fair Employment Practice (FEP) agencies.

The Monitor shall review Defendants' application of their internal complaint procedure by monitoring complaints made by employees of Defendants regarding harassment or retaliation and report back to EEOC in a semi-annual report.

E.     Training

1.     *General Guidelines.*  The training regimen set out in Section XI.E shall be mandatory with respect to all Defendants' employees, managers, supervisors, human resources representatives, owners, and executives working at Defendant Bouchon or with oversight over

employees working at Defendant Bouchon and be scheduled to occur within thirty (30) days of approval by EEOC, and annually thereafter. At a minimum, the required trainings shall be administered at least five (5) times during the term of the Decree. Employees unable to attend the scheduled live training or hired after a mandatory training are required to attend an alternate training session within thirty (30) days that is either (a) live and interactive; or (b) a video recording of the live training with an interactive component, such as a written test. All persons shall verify their attendance in writing. Defendants shall maintain copies of training sign-in sheets for the duration of the Decree. All employees will be paid their regular rate of pay during the trainings. An EEOC representative or the Monitor may attend any training upon advance request.

2.      *Format & Content of Trainings.*  All trainings provided pursuant to this Decree shall be live, interactive, and in-person for managers, including general managers, assistant general managers, dining room managers, private dining managers, beverage managers/sommeliers, chefs de cuisine, head chefs, executive sous chefs, sous chefs, and pastry chefs. Any training session recorded shall be maintained for the duration of the Decree. The training for all employees shall include a test to ensure comprehension of the material presented. The trainer shall provide direct contact information for Defendants' human resources personnel. The trainer shall leave time for question and answer at the conclusion of trainings and circulate an anonymous evaluation form to be filled out by attendees and reviewed by the Monitor.

3.      *Submission of Trainer Qualifications & Curriculum.*  Within thirty (30) days of selection of the Monitor, Defendants shall submit to EEOC and the Monitor the identity and qualifications of the qualified third-party trainer selected for approval. Within forty-five (45) days of selection of the Monitor, Defendants shall submit to EEOC and the Monitor a description of the trainings to be provided, the training materials, and an outline of the training curriculum. Upon receipt, EEOC may provide comment within thirty (30) days regarding any necessary revisions to the training.

4.      *Introductory Video.*  Defendants shall begin each training with a short video from either the Vice President of Human Resources or the Director of Employee Education, setting

out the following: Defendants' commitment to equal employment opportunity; emphasizing that sexual harassment prevention, civility, and maintaining a respectful workplace are high priorities for Defendants; assurance that neither sexual harassment nor retaliation will be tolerated, stressing the commitment of managers and supervisors to promptly and appropriately respond to allegations of sexual harassment or retaliation..

5.    *New Employee Orientation.*  Within thirty (30) days of EEOC's approval of training materials, Defendants shall implement a brief oral orientation ("Orientation") for all new employees to be provided within five (5) days of their start date. The Orientation shall review Defendants' complaint procedures and explain where employees can find related policies and procedures and contact information. The Orientation shall emphasize that (a) Defendants take seriously all allegations of sexual harassment and retaliation and encourage employees to notify Defendants' human resources personnel if they become aware of potential sexually harassing or retaliatory conduct; (b) complainants are protected from retaliation; and (c) prompt and proportionate corrective action will be taken if Defendants find that sexual harassment or retaliation occurred.

6.    *Compliance Training for All Employees.*  All employees, managers, supervisors, human resources representatives, owners, and executives shall be required by Defendants to attend a Compliance Training exclusively on sexual harassment and retaliation, lasting at least two (2) hours in duration. Owners, executives, managers, supervisors and human resources representatives shall not be present during training of non-supervisory employees. The training under this section shall cover:

(a) the role and purpose of Title VII, and what constitutes unlawful sexual harassment (quid pro quo and hostile work environment) and retaliation;

(b) examples of comments and conduct that alone or together may rise to the level of unlawful sexual harassment or create a presumption of unlawful retaliation (including what constitutes protected activity, adverse action, and evidence suggesting retaliatory motive);

(c) employees' rights and responsibilities under Title VII and this Decree if they experience, observe, or become aware of conduct that they believe may be sexual harassment or

retaliation, and the role of the Monitor in ensuring Defendants' compliance with the Decree;

(d) Defendants' responsibilities including reporting responsibilities under Title VII and this Decree when they have knowledge of conduct that may constitute sexual harassment or retaliation, and potential consequences where they fail to maintain adequate complaint procedures or take reasonable steps to investigate or correct alleged harassment;

(e) Preventing sexual harassment and bystander intervention; and

(f) Defendants' Final Policy as outlined in Section XI.C and the Internal Complaint Procedure in Section XI.D, including consequences where individuals violate the anti-harassment and retaliation provisions or fail to enforce complaint procedures.

The training shall encourage employees that experience or witness sexually harassing or retaliatory conduct to report it and emphasize the consequences for employees that engage in prohibited conduct or threaten, intimidate, or deter employees from complaining about prohibited conduct.

7.    *Management Training.*  All owners, executives, managers, supervisors, human resources representatives, and any other personnel with authority to hire, discipline, promote, transfer, or terminate employees or to respond to complaints of discrimination or harassment shall attend a separate Management Training of at least two (2) hours duration that exclusively focuses on (a) sexual harassment and retaliation and how to prevent and correct it; (b) the proper use of the Online Complaint Process described in Section XI.G; (c) proper investigative techniques, including the scope of an investigation, how to deal with alleged repeat offenders, and avoiding conduct that chills complainants and witnesses; (d) proper documentation of complaints in the Complaint Log described in Section XI.F. The training shall require the participation of all attendees in role play scenarios or other interactive activities designed to ensure understanding of their roles and responsibilities in preventing and correcting sexual harassment and retaliation. The participants will be provided a copy of the Decree during the training. The Monitor shall attend the trainings under this section, which shall include:

(a) Defendants' obligations under the Decree; the role of managers, supervisors, and human resources in complying with the Decree; and Defendants' duty to protect their employees

[Proposed] Consent Decree

where they have knowledge of sexual harassment occurring in their workplace;

(b) consequences for individuals found to have more likely than not engaged in conduct that may be considered sexual harassment or retaliation;

(c) how to respond to alleged sexual harassment and retaliation in the workplace, including:

(i) how to recognize and prevent sexual harassment and retaliation, including risk factors for harassment and retaliation and specific actions that may minimize or eliminate the risk of either;

(ii) the "more likely than not" standard of proof for substantiating a complaint of alleged sexual harassment or retaliation and its relation to the scope of the investigation;

(iii) their duty to take proportionate corrective action reasonably calculated to end harassing conduct and prevent future harassment in Defendants' workplace, including types of preventative and corrective actions and circumstances under which those preventative or corrective actions may or may not constitute reasonable steps;

(iv) post-investigation procedures for monitoring the workplace after receiving a complaint of sexual harassment or retaliation to ensure no further harassment occurs and complainants and witnesses are not subject to threats, intimidation, or retaliatory actions; and

(v) Defendants' overall duty to conduct thorough, fair, neutral, and prompt investigations, and their respective roles as to Defendants' investigation and post-investigation procedures;

(d) the presumption of retaliation created where an employer takes adverse employment action against a complainant or participant in an investigation, and a strict prohibition on conduct and comments that would deter, intimidate, or threaten employees from filing complaints of sexual harassment.

After the first training under this Decree, subsequent trainings shall include recent developments, if any, relating to an employer's obligations under Title VII with respect to unlawful harassment and retaliation and how to prevent and correct such conduct.

8. *Human Resources ("HR") Training.* All human resources employees shall receive

advanced human resources training conducted by the Monitor. Training shall include:

(a)    how to properly handle and effectively investigate complaints of discrimination, harassment, and retaliation including: (i) determining the proper scope of investigation; (ii) impartially interviewing all relevant witnesses; (iii) reviewing all relevant evidence; and (iv) creating written investigative reports that document all investigatory steps, findings and conclusions, actions taken, and all complaints, notes of interviews and other evidence reviewed;

(b)    appeal process and procedures should the complainant be dissatisfied with the results of an internal investigation;

(c)    how to track and collect all complaints of discrimination, harassment, or retaliation in the Complaint Log as described in Section XI.F.

(d)    procedures for tracking employees who have been determined to be repeat offenders;

(e)    how to take preventative and corrective measures against discrimination, harassment, and retaliation, including issuing appropriate discipline towards an employee against whom a complaint of harassment, discrimination, or retaliation was substantiated; and

(f)    their duty to maintain an open-door policy (*i.e.*, be easily accessible to Defendants' employees when not present on-site at Defendants' respective properties).

Training shall include role playing on how to handle scenarios and emphasize accountability of management, especially as to human resources personnel, in ensuring compliance with Title VII. The first training shall occur within thirty (30) days after EEOC's comments on training curriculum or ninety (90) days from the effective date, whichever is later. Any HR employee who fails to attend any scheduled training shall be trained within thirty (30) days of the initial training set forth above, their hire date, or promotion date if they began their employment with Defendants after the training has occurred for the year. This Training shall occur once every year, thereafter, for the term of this Decree.

9.    *Verification of Training.*  On a semi-annual basis, Defendants shall produce to EEOC and to the Monitor documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the

training provided, a list of the individuals who conducted the training, and copies of sign-in sheets for attendees at each training session. The Monitor will assess the effectiveness of the trainings conducted and identify areas to modify where appropriate.

F.      Complaint Log

1.      Within sixty (60) days of selection of the Monitor, Defendants shall establish a Complaint Log and an online complaint process in consultation with the Monitor for centralized tracking of all formal and informal complaints regarding discrimination, harassment or retaliation made by employees of Defendants and the monitoring of such complaints to prevent retaliation. This system shall be searchable by name of complainant and alleged perpetrator, and shall contain, for each complaint or investigation of sexual harassment or retaliation, at least the following information:

(a)      name of the person making the complaint, and name of aggrieved individual (if different from person making the complaint);

(b)      date(s) of receipt of complaint by Defendants (including all oral and written complaints);

(c)      a description of the complaint, including the type of discriminatory conduct alleged and the content of the allegations, including the date and location where it occurred;

(d)      name(s) and job title(s) of all persons to whom the complaint was made;

(e)      name(s) and job title(s) of the alleged perpetrator(s);

(f)      a description of all investigatory steps taken, including names of person(s) interviewed and documents reviewed;

(g)      name(s) and job title(s) of all persons involved in the investigation;

(h)      a summary of the resolution of the complaint investigation, including whether the complaint was substantiated, and what corrective action was taken, if any; and

(i)      a summary of communication with the complainant regarding the complaint resolution.

2.      The Monitor shall review the Complaint Log and the underlying documents including the investigations on a monthly basis to ensure Defendants are properly addressing and

tracking complaints. The Monitor shall assess the scope of the investigation and whether corrective and preventative measures taken were effective and complaints and investigations were properly documented and tracked and provide feedback to Defendants to enhance accountability and consistency. The Monitor shall intervene if it determines the alleged perpetrator has been accused of sexual harassment or retaliation more than once or Defendants are retaliating against a complainant. The Monitor shall report back to EEOC in its semi-annual report regarding whether Defendants are properly tracking and responding to sexual harassment or retaliation complaints by conducting a prompt, thorough, and impartial investigation, took corrective action reasonably effective in stopping and preventing further harassment, and ensured complainants did not face retaliation.

3.    Defendants shall maintain the database throughout the duration of this Decree and shall produce it to EEOC on a semi-annual basis.

G.    Online Complaint Process

Within sixty (60) days of the selection of the Monitor, Defendants shall create an online complaint process for reporting complaints of discrimination, harassment, or retaliation ("Online Complaint Process"). The Online Complaint Process shall be website or application based. The Online Complaint Process shall be operational seven (7) days per week, 24 hours per day, document all incoming and outgoing communications, and track and log inquiry and response times. Inquiries received by the Online Complaint Process from employees of Defendants shall be incorporated into the Complaint Log. The Online Complaint Process shall offer the option to make an anonymous complaint. Once a complaint is received, Defendants will contact the complainant within 24 hours and follow the internal complaint procedure. The Monitor shall review and evaluate Defendants' effectiveness and responsiveness to complaints made by employees of Defendants via the Online Complaint Process.

Within sixty (60) days of the selection of the Monitor, Defendants shall create and distribute a one-page Complaint Procedure Flyer. The Flyer shall include (a) a statement that Defendants prohibit sexual harassment and take seriously all allegations of harassment and retaliation; (b) a statement that all employees may complain about discrimination, harassment, or

retaliation via the Online Complaint Process, available 24-hours per day via telephone, online, or by email; and (c) a direct toll-free phone number, website, and email address for the Online Complaint Process and the human resources representatives. Defendants shall distribute the Flyer by (a) sending an electronic copy to all employees; and (b) posting the Flyer in visible areas in Defendants' workplaces. Thereafter Defendants shall distribute the Flyer when they distribute the Final Policy.

H.    Posting of Notice

Within thirty (30) days of the Effective Date, Defendants shall distribute copies of the Notice attached as **Exhibit A** by posting a copy on Defendants' intranet systems, in all workplaces at Defendant Bouchon, in areas frequented by employees working at Defendant Bouchon, and sending electronic copies to all employees working at Defendant Bouchon. The Notice shall be printed in legible font. Defendants shall also distribute the Notice to new employees working at Defendant Bouchon when they distribute the Final Policy. Defendants shall annually confirm that they distributed the Notice to all employees working at Defendant Bouchon and that it is readily accessible to employees via Defendants' intranet systems.

I.    Human Resources Department

The Monitor shall be permitted to freely communicate one-on-one with Defendants' human resources personnel and any other individuals involved in responding to or investigating complaints of sexual harassment or retaliation, or complying with this Decree. On a semi-annual basis, the Monitor shall evaluate the performance of Defendants' personnel responsible for implementing the terms of this Decree, and provide feedback directly to Defendants and EEOC. The Monitor may recommend additional training for Defendants' human resources representatives.

J.    Recordkeeping

Defendants shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1.     All communications with the Monitor, Claims Administrator, and EEOC;

2.     All documents and communications related to any complaint of sexual harassment or retaliation made by employees of Defendants, including its investigation and resolution;

3.     All documents generated in connection with the overseeing, counseling, and disciplining of employees of Defendants determined to have engaged in behavior that violates the Final Policy;

4.     All personnel and performance related documents for any person that reports sexual harassment by employees of Defendants;

5.     All documents generated in connection with the audits conducted by the Monitor;

6.     All forms acknowledging receipt of Defendants' Final Policy by employees of Defendants;

7.     All documents verifying the occurrence of all training sessions and the content, including sign-in sheets;

8.     Monthly copies of the Complaint Log;

9.     All documents generated in connection with Defendants' Online Complaint Process as to complaints made by employees of Defendants;

10.     All documents generated in connection with Defendants' Hotline as to complaints made by employees of Defendants;

11.     All documents related to compliance with the terms of the Decree.

Defendants shall make the aforementioned records available to EEOC within five (5) days following a written request by EEOC.

K.     <u>Reporting</u>

1.     *Initial Reporting*. Defendants shall comply with all deadlines outlined in the Decree. Within ninety (90) days of the selection of the Monitor, the Monitor shall submit a report to EEOC summarizing Defendants' obligations under the Decree, their compliance, and the work performed to date.

2.     *Semi-Annual Report by Defendants*

Within one-hundred and eighty (180) days of the selection of the Monitor, and semi-

annually thereafter, Defendants and the Monitor shall submit to EEOC a report containing the following information or documents for the applicable time period:

     a.    a summary of the actions taken to comply with Section IX.A, Personnel Records and References;

     b.    a report regarding rehiring of eligible and qualified Eligible Claimants, as required by Section IX.B;

     c.    the results of audits and complaint reviews, as required by Section XI.B;

     d.    a statement confirming Defendants have distributed their Final Policy pursuant to this Decree and copies of signed acknowledgements, as required by Section XI.C;

     e.    a statement confirming that Defendants have complied with the training requirements of this Decree, with a description of the trainings conducted, a list of the trainers, and copies of training evaluation forms, written training materials, and sign-in sheets, as outlined in Section XI.E;

     f.    copies of the Complaint Log, with a summary of the procedures and recordkeeping methods in effect for centralized tracking and monitoring of complaints, and any other information required by Section XI.F;

     g.    a statement confirming Defendants operate an Online Complaint Process that complies with this Decree, that the flyer has been distributed as required, and a copy of the flyer regarding the Online Complaint Process, and any other information required by Section XI.G;

     h.    a statement confirming that the Notice attached as **Exhibit A** has been posted and distributed per Section XI.H;

     i.    an evaluation of Defendants' human resources department and representatives, their skill levels and training needs, as provided for in Section XI.I;

     j.    The status of Defendants' compliance with any other terms of the Decree; and

     k.    Any proposed changes to the Final Policy.

     3.    *Semi-Annual Report by Monitor*

Within one hundred and eighty (180) days of the selection of the Monitor, and semi-annually thereafter, the Monitor shall submit to EEOC and Defendants a report that reviews all the Monitor's responsibilities and describes all work performed under this Decree. The report shall include a detailed evaluation by the Monitor of the work environment and Defendants' efforts to comply with this Decree and Title VII, including steps taken to protect employees from sexual harassment and retaliation, to remove repeat offenders, and to foster a work environment free from fear of retaliation. The Monitor shall report on whether Defendants are properly handling and investigating reports of harassment or retaliation and ensuring there is no retaliation for individuals reporting discrimination, harassment, or retaliation. The Monitor shall provide recommendations going forward and summarize the recommendations provided already to Defendants and whether such recommendations have been implemented.

4.    *Exit Report*

Defendants shall report to EEOC at least ninety (90) days prior to the expiration of this Decree regarding their compliance with this Decree. Separately, the Monitor shall report to EEOC at least ninety (90) days prior to the expiration of this Decree covering all the Monitor's responsibilities and provide feedback regarding Defendants' compliance with this Decree and Title VII and whether Defendants have effectively prevented and corrected further sexual harassment and retaliation from occurring.

## XII.    COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

A.    Defendants shall bear all costs associated with the administration and implementation of their obligations under this Decree. Each Party shall bear its own costs of suit and attorneys' fees.

## XIII.    MISCELLANEOUS PROVISIONS

A.    Unless otherwise stated, all notices, reports, and correspondence required under the Decree shall be sent (1) by U.S. Mail to the attention of Legal Unit, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012; or (2) by email to lado.legal@eeoc.gov. Defendants shall maintain copies of all such notices, reports, and correspondence for at least the term of the Decree.

B.    During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' properties, or any other material change in corporate structure, and shall simultaneously inform EEOC of the same. EEOC shall not contact any potential successor-in-interest. EEOC may contact a successor-in-interest after a sale or transfer occurs.

C.    During the term of this Decree, Defendants shall ensure that each of their owners, executives, officers, human resources representatives, managers, and supervisors receive a copy of the Decree and are aware of any term(s) of this Decree which may be related to their job duties or obligations.

D.    Plaintiff shall not issue a press release regarding the settlement of this Action until the Decree is approved by the Court.

## XIV.    EEOC REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

A.    EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If EEOC is required to do so, EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1.    Within ten (10) business days of the signing of this Decree, Defendants agree to provide EEOC 1) Defendants' EIN and 2) the individual and physical address to whom EEOC should mail the copy of the Form 1098-F, if EEOC is required to issue one. This identified individual must be an employee of Defendants.

2.    EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3.    The provision of the Form 1098-F by EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4.    Any decision about a deduction pursuant to the Internal Revenue Code will be

made solely by the IRS with no input from EEOC.

5.      The parties are not acting in reliance on any representations made by EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

### XV.    COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be executed in several counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. All of such counterpart signature pages shall be read as though one, and they shall have the same force and effect as though all the signers had signed a single signature page. Electronically transmitted executed copies of this Decree shall be fully binding and effective for all purposes whether or not originally executed documents are transmitted to the other party. Facsimile signatures on documents are to be treated the same as original signatures.

The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: __May 20__, 2026        By: _____

Beatriz Andre-Biscardi, Acting Regional Attorney
Attorney for Plaintiff EEOC

KVP, LP AND KRM, INC.

Dated: __May 15__, 2026        By: _____

Michael A. Laurenson
GORDON, REES, SCULLY, MANSUKHANI LLP
Attorney for Defendants KVP, LP and KRM, Inc.

Dated: _May 15th_, 2026        By: _____

Name: ___Kevin Kraft___
Title: ___Chief Financial Officer___
Representative for Defendants KVP, LP and KRM, Inc.

[Proposed] Consent Decree

31

# [PROPOSED] ORDER

The Court approves the provisions of the foregoing Consent Decree and orders compliance with all provisions thereof. The Court retains jurisdiction over this Consent Decree until its termination, as determined by this Court.

**IT IS SO ORDERED.**

DATED: ___July 8, 2026___

_____
THE HONORABLE JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

[Proposed] Consent Decree

# EXHIBIT A

# <u>NOTICE TO EMPLOYEES</u>

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the District of Nevada against KVP, LP, dba Bouchon Restaurant ("Bouchon"), and KRM, Inc, dba Thomas Keller Restaurant Group ("TKRG"), Case No. 2:23-cv-01308-JCM-EJY.

EEOC alleged that a class of employees were subjected to sexual harassment and retaliation while working for Bouchon and TKRG, in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Bouchon and TKRG and EEOC have agreed to resolve the lawsuit and have entered into a Consent Decree in which Bouchon and TKRG agreed to pay monetary relief and to implement various additional measures such as engaging an independent EEO Monitor, revising anti-discrimination policies and procedures, training, tracking complaints, and providing EEOC with periodic reports.

Bouchon and TKRG are committed to complying with federal anti-discrimination laws in all respects and encourage reporting any such conduct. Sexual harassment and retaliation will not be tolerated. Any employee who files a complaint or charge of discrimination, gives testimony or assistance, or participates in any manner in an investigation will be protected from retaliation.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion, or national origin, with respect to hiring, compensation, promotions, discharge, and terms and conditions or privileges of employment. Federal law also prohibits retaliation against those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

If you believe that you have been subjected to sexual harassment or retaliation, you may follow Bouchon and TKRG's complaint procedures or you may seek assistance from the EEO Monitor, [NAME] at [EMAIL AND PHONE INFORMATION]. You may also contact EEOC:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
Phone:  213-785-3090
Web:  www.eeoc.gov

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This Notice shall remain posted for a term of four (4) years.

[Proposed] Consent Decree

33